**In the Interest of Martin W. SIMPSON.**

**No. 07–96–0175–CV.**

Court of Appeals of Texas,
Amarillo.

July 26, 1996.

Robert C. Heald, Lubbock, for appellant.

Dan Morales, Attorney General, Austin (Jorge Vega, First Assistant Attorney General, John B. Worley, Assistant Attorney General), for appellee.

Before BOYD and QUINN, JJ., and REYNOLDS, Senior Justice.*

CHARLES L. REYNOLDS, Senior Justice (Retired).

The immediate question in this appeal is whether this Court's jurisdiction over the merits has been invoked. Holding that it has not, we will dismiss the appeal for want of jurisdiction.

Acting on the Attorney General's motion, the trial court signed, on February 9, 1996, an order enforcing the child support obligation of Ray Dale Simpson, the father. Simpson filed a motion for new trial on March 12, 1996 in which it was recited that the court "signed a judgment . . . on February 14, 1996." On the same day, the court denied the motion for new trial.

Thereafter, on April 24, 1996, Simpson filed his appeal bond, causing the transcript to be prepared and submitted. Simpson was notified that the transcript, received on June 10, 1996, revealed the appeal had not been perfected because the motion for new trial was untimely filed, and the appeal bond should have been filed no later than March 11, 1996. *See* Tex.R. Civ. P. 329b(a), 356(a); Tex.R.App. P. 41(a)(1). He was allowed ten days to show grounds for continuing the appeal. Tex.R.App. P. 60(a)(2).

The notification prompted the Attorney General to move for the dismissal of the appeal for lack of jurisdiction because the appeal was not perfected. It also prompted Simpson's June 20, 1996 motion for an extension of time, pending the determination of his trial court motion to extend the effective date of the judgment, to show grounds for con-

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

tinuing the appeal. The extension was granted, and there has been submitted a supplemental transcript showing that the trial court, acting favorably on Simpson's motion, ordered on June 24, 1996 that the effective date of the signing of the court's order enforcing child support obligation was extended to March 12, 1996.

At the threshold of our consideration of Simpson's trial court motion and the court's June 24, 1996 order is the general rule that the date a judgment is signed determines the beginning of the periods prescribed for the filing in the trial court of a motion seeking, and the trial court's plenary power to grant, a new trial or to vacate, modify, correct or reform its judgment. Tex.R. Civ. P. 306a(1); *see also* Tex.R.App. P. 5(b)(1). The trial court loses plenary jurisdiction over its judgment thirty days after the judgment is signed in the absence of a timely filed motion either for new trial or to vacate, correct or reform the judgment. Tex.R. Civ. P. 329b(d) and (g); *Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex.1983).

However, Rule 306a, *supra,* and Rule 5, *supra,* provide an exception to the general rule by permitting the establishment of a later date for the beginning of the periods for further trial and appellate proceedings upon proof that neither the party nor his attorney had either notification or actual knowledge of the judgment within twenty days after it was signed. The exception language of the two rules is almost identical, so it suffices to quote the material provisions of Rule 306a, *supra,* which governs the trial court actions by providing that:

3. **Notice of judgment.** When the judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the period mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

4. **No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or original order was signed.

5. **Motion, notice and hearing.** In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

*See also* Tex.R.App. P. 5(3), (4) & (5).[1]

Although Simpson's current attorney of record exhibited actual knowledge of the signing of the judgment on March 12, 1996 when he signed the motion for new trial, for some unexplained reason he recited in the motion the incorrect, later date of February 14, 1996 as the date the judgment was signed. Even though the record reveals that the attorney secured the court's file on March 12, 1996, apparently it was after the June 10, 1996 notification that the appeal had not been perfected before any attempt was made, as evinced by Simpson's June 19, 1996 motion filed in the trial court, to ascertain the actual date the judgment was signed, some 126 days after its signing.

On that date, Simpson moved the trial court to extend the effective date of the judgment pursuant to Rule 306a(4). The motion recited the attached affidavit of the district clerk "attesting she cannot state with certainty whether notification was sent to the adversely affected attorney regarding the

---

1. Subsequent citations of Rule 306a, Texas Rules of Civil Procedure, and its paragraphs, which were relied upon and governed the proceedings in the trial court, are referenced to, but without repetition of, their inclusion in the Texas Rules of Civil Procedure.

date when the order was signed"; the attached affidavit of "Movant's attorney of record" at the time the judgment was rendered "attesting that he did not receive official notice from the District Court, and never gained actual knowledge of the order being signed"; and the attached affidavit of "Movant's new attorney," Simpson's present attorney, "attesting that he never received official notice from the District Clerk of the date the order was signed, and gained knowledge of when the order was signed on March 12, 1996."

The motion was signed by Simpson's present attorney, who subscribed to it before a notary public, swearing that "I have read the above and foregoing Rule 306a Motion, and the facts contained therein are true and correct to the best of my knowledge." The attached affidavits by Simpson's past and present attorney of record are shown to have been signed and sworn before a notary public, but sans any verification.

The motion was heard by the trial court on June 24, 1996 in the absence of any response or appearance by the Attorney General. Because of the Attorney General's nonappearance, Simpson offered, and the court accepted, the three affidavits as proof of the allegations in the motion without the adduction of any other evidence. Thereupon, the court, finding that the "Movant" did not receive notice from the clerk of the date of signing the order enforcing child support obligation, but received actual notice of the date of signing of the order on March 12, 1996, ordered that the effective date of the signing of the order was extended to March 12, 1996.

■■■ Compliance with the exception provisions of Rule 306a is a jurisdictional prerequisite. The burden is upon the new-trial movant to establish their applicability in the manner prescribed by the rule, and unless the movant does so, the general rule prevails. *Memorial Hosp. v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987). In the latter event, the trial court is without jurisdiction to change the date the judgment was signed, and any ordered change is a nullity. *Id.* at 366.

It is at once apparent from the recited facts and controlling legal principles that, for several reasons, Simpson did not comply with Rule 306a in the manner prescribed so as to invoke the jurisdiction of the trial court to determine the date of the actual knowledge of the judgment. In this cause, the exception to the general rule becomes operative only if neither Simpson nor his attorney received notice or acquired actual knowledge of the signing of the judgment within twenty days after it was signed, Rule 306a(4), and it is proved in the trial court, on sworn motion, the date on which Simpson or his attorney first received notice or acquired actual knowledge of the signing, and the date was more than twenty days after the judgment was signed. Rule 306a(5).

■■■ First, it does not escape notice that when a "sworn" instrument is required, such as the "sworn motion" required by Rule 306a(5), the requirement is not satisfied by the affiant's allegation, as the allegation was made here, that "the facts contained herein are true and correct to the best of my knowledge." To be sufficient, the allegation must directly and unequivocally represent the facts are true and within the personal knowledge of the affiant. *Burke v. Satterfield,* 525 S.W.2d 950, 954–55 (Tex.1975).

■■■ We recognize that the Attorney General did not except to Simpson's motion for the defect in verification, and that there is authority that a defective verification is waived if there is no objection to it. *See, e.g., Huddleston v. Western Nat. Bank,* 577 S.W.2d 778, 781 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). However, those authorities do not control the present situation, for they speak to verification of matters over which the trial court had jurisdiction, not to the situation where a sworn motion is a jurisdictional prerequisite to invoke the trial court's power to act.

We also recognize that a divided panel of the Fifth Court of Appeals held that an unverified Rule 306a motion, which was not objected to on the ground it was not verified, did not deprive the trial court of jurisdiction to find, *upon sworn testimony heard within thirty days after the movant first acquired knowledge of the judgment,* the date actual knowledge of the judgment was acquired.

*Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402, 406 (Tex.App.—Dallas 1989, no writ).[2] Yet, that decision does not aid Simpson, for the hearing underlying this appeal was not held until 104 days after actual knowledge of the judgment was acquired. Moreover, the dissent in *Thermex* illustrates why the majority's rationale was not sufficient to abrogate the Rule 306a(5) jurisdictional prerequisite of a sworn motion as interpreted by the Supreme Court. *Id.* at 407–08 (Baker, J., dissenting). And, consistent with the dissent, it was held in *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding), that absent a sworn motion showing a prima facie lack of notice of the judgment, the trial court's plenary power was not invoked and the court was without jurisdiction to hold a hearing.

■ Second, although Rule 306a does not expressly set a time limit for the filing of a Rule 306a motion, the court in *Womack–Humphreys Architects v. Barrasso*, 886 S.W.2d 809, 813 (Tex.App.—Dallas 1994, writ denied), after considering the interplay between Rule 306a and Rule 329b, Texas Rules of Civil Procedure, held that the motion must be filed within thirty days after the party or his attorney received notice or acquired actual knowledge of the signing of the judgment. *Id.* at 816; *contra Vineyard Bay v. Vineyard on Lake Travis*, 864 S.W.2d 170, 172 (Tex.App.—Austin 1993, writ denied). In this cause, Simpson's motion was filed 99 days after his attorney acquired actual knowledge of the signing of the judgment and, under the holdings of *Barrasso* and *Montalvo v. Rio Nat. Bank*, 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ), was too late to reinvest the trial court with jurisdiction.

■ Third, Rule 306a does not become applicable unless the party adversely affected by the judgment or his attorney neither had notice nor acquired actual knowledge of the signing of the judgment within twenty days after it was signed. The purpose of the sworn motion required by Rule 306a(5) is to establish a prima facie case of the lack of such notice, thereby invoking the jurisdiction of the trial court for the prescribed hearing. *Carrera v. Marsh*, 847 S.W.2d at 342. Simpson's Rule 306a motion filed in the trial court stated only that Simpson's past and present attorney had no notice or knowledge of the signing of the judgment until his present attorney acquired actual knowledge of it on March 12, 1996; the motion did not make any reference to whether Simpson himself had notice or knowledge of the judgment within the twenty-day period. Thus, the motion did not negate the possibility that Simpson had notice or acquired actual knowledge of the judgment within twenty days after it was signed; therefore, the motion did not present a prima facie case of his lack of notice, thereby failing to invoke the plenary power of the trial court to hold the prescribed hearing. *Id.*

■ Fourth, the affidavits executed by the two attorneys and the district clerk, which were submitted as the only proof heard by the trial court to establish that the attorneys had no notice of the judgment until Simpson's present attorney acquired actual knowledge of it on March 12, 1996, were not verified by the affiants as to the truth of the matters stated therein upon their personal knowledge. This defect rendered the affidavits legally invalid and incapable of serving as evidence in support of the Rule 306a motion. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470–71 (Tex.1994). Resultantly, Simpson did not sustain his burden of proof in the trial court. *See Memorial Hosp. v. Gillis*, 741 S.W.2d at 366.[3]

---

**2.** Although the *Thermex* opinion printed in the South Western Reporter does not indicate a motion for rehearing was filed as the predicate for an application for writ of error, West's 1996 Texas Subsequent History Table does not show a writ history for the cause, and it is shown as a "no writ" cause in *Montalvo v. Rio Nat. Bank*, 885 S.W.2d 235, 238 (Tex.App.—Corpus Christi 1994, no writ), there is shown in Shepard's Southwestern Reporter Citations a writ history of "writ denied," which is repeated in *Carrera v.*

*Marsh*, 847 S.W.2d 337, 342 n. 6 (Tex.App.—El Paso 1993, orig. proceeding), and in *Womack–Humphreys Architects v. Barrasso*, 886 S.W.2d 809, 813 (Tex.App.—Dallas 1994, writ denied).

**3.** Although neither the motion nor the affidavits of the attorneys negated Simpson's notice or actual knowledge of the judgment, the trial court found that only "Movant," *i.e.*, Simpson had no notice of the judgment until he "received actual notice of the date of signing of the Order Enforc-

For these reasons, Simpson did not establish the applicability of Rule 306a(4) & (5) in the trial court in the manner prescribed by the rule, and the trial court was without jurisdiction to extend the effective date of the February 9, 1996 judgment. As a result, the trial court's June 24, 1996 order was a nullity. *Memorial Hospital v. Gillis,* 741 S.W.2d at 366.

Consequently, Simpson did not timely perfect an appeal so as to invoke the jurisdiction of this Court. To this extent, the Attorney General's motion to dismiss the appeal for want of jurisdiction is granted.

Accordingly, the appeal is dismissed for want of jurisdiction.

ing Child Support Obligation on March 12, 1996," and made no finding respecting his attorneys' notice or actual knowledge of the judgment.