NO. 07-02-0235-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 11, 2002

_____

DENISE TREVINO AND STEVEN TREVINO, APPELLANTS

V.

WILLIAM P. HALE, M.D., APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,605-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellants Denise Trevino and Steven Trevino filed a notice of appeal challenging an order of the trial court dismissing their claims against appellee William P. Hale, M.D. and ordering a severance on January 30, 2002. A request for findings of fact and conclusions of law was filed on March 8, 2002, and the notice of appeal was filed on May 22, 2002. Noticing that the request for findings of fact and the notice of appeal were both

filed beyond the time allowed by Texas Rule of Civil Procedure 296 and Texas Rule of Appellate Procedure 26.1, by letter dated May 29, 2002, this Court requested that appellants show cause within ten days why the appeal should not be dismissed for want of jurisdiction.

On June 5, 2002, the Trevinos filed a response explaining that they did not receive notice of the order of severance signed on January 30, 2002, until February 22, 2002, 23 days later. Counsel then correctly argued in his response that his appellate timetable should begin anew from February 22, 2002. Included with his response was a copy of the notice from the District Clerk of Potter County indicating that the order of severance had been filed on February 22, 2002, together with two affidavits in support of his response.

Rule 306a(4) of the Texas Rules of Civil Procedure extends the plenary power of a trial court when a party adversely affected by a judgment fails to receive notice or actual knowledge of the signing of the judgment within 20 days after it is signed. If notice or actual knowledge of a signed judgment is not received until 20 days after it is signed, the appellate timetable commences on the date notice is actually received. However, the timetable may not begin more than 90 days after the judgment is signed.[1] Tex. R. App. P. 4.2(a); *see also* Tex. R. Civ. P. 306a(4); In re Simpson, 932 S.W.2d 674, 676 (Tex.App.-- Amarillo 1996, no writ). It is incumbent upon the party complaining of late notice to prove

---

[1]The 90th day after January 30, 2002, was April 30, 2002.

2

by sworn motion, notice, and hearing *in the trial court* the date on which he or his attorney first received notice or actual knowledge of the signing of the judgment. Tex. R. Civ. P. 306a(5). (Emphasis added). After a hearing on a 306a(5) motion, the party must obtain a signed order specifying the date that notice or actual knowledge was first received. Tex. R. App. P. 4.2(c). Without adhering to the proper procedures and procurement of an order from the trial court finding the date on which notice or actual knowledge was received, this Court cannot depart from the original appellate timetable. Nothing in the record before us indicates that the Trevinos complied with proper procedures in the trial court; thus, their request for findings of fact was due to be filed on February 19, 2002. Failure to timely file the request deprived them of the additional 60 days in which to file their notice of appeal. Tex. R. App. P. 26.1(a)(4). Thus, the notice of appeal was due to be filed no later than March 1, 2002, making the notice of appeal filed on May 22, 2002, untimely.

Accordingly, without an order from the trial court reciting the date when the Trevinos or their attorney first received notice that the order of severance was signed, we must adhere to the original appellate deadlines and dismiss this appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

                                        Don H. Reavis
                                        Justice

Do not publish.