NO. 07-02-0235-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A 



JUNE 11, 2002



______________________________




DENISE TREVINO AND STEVEN TREVINO, APPELLANTS



V.



WILLIAM P. HALE, M.D., APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,605-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellants Denise Trevino and Steven Trevino filed a notice of appeal challenging
an order of the trial court dismissing their claims against appellee William P. Hale, M.D.
and ordering a severance on January 30, 2002. A request for findings of fact and
conclusions of law was filed on March 8, 2002, and the notice of appeal was filed on May
22, 2002. Noticing that the request for findings of fact and the notice of appeal were both
filed beyond the time allowed by Texas Rule of Civil Procedure 296 and Texas Rule of
Appellate Procedure 26.1, by letter dated May 29, 2002, this Court requested that
appellants show cause within ten days why the appeal should not be dismissed for want
of jurisdiction.

 On June 5, 2002, the Trevinos filed a response explaining that they did not receive
notice of the order of severance signed on January 30, 2002, until February 22, 2002, 23
days later. Counsel then correctly argued in his response that his appellate timetable
should begin anew from February 22, 2002. Included with his response was a copy of the 
notice from the District Clerk of Potter County indicating that the order of severance had
been filed on February 22, 2002, together with two affidavits in support of his response.

 Rule 306a(4) of the Texas Rules of Civil Procedure extends the plenary power of
a trial court when a party adversely affected by a judgment fails to receive notice or actual
knowledge of the signing of the judgment within 20 days after it is signed. If notice or
actual knowledge of a signed judgment is not received until 20 days after it is signed, the
appellate timetable commences on the date notice is actually received. However, the
timetable may not begin more than 90 days after the judgment is signed. (1) Tex. R. App. P.
4.2(a); see also Tex. R. Civ. P. 306a(4); In re Simpson, 932 S.W.2d 674, 676 (Tex.App.--Amarillo 1996, no writ). It is incumbent upon the party complaining of late notice to prove
by sworn motion, notice, and hearing in the trial court the date on which he or his attorney
first received notice or actual knowledge of the signing of the judgment. Tex. R. Civ. P.
306a(5). (Emphasis added). After a hearing on a 306a(5) motion, the party must obtain
a signed order specifying the date that notice or actual knowledge was first received. Tex.
R. App. P. 4.2(c). Without adhering to the proper procedures and procurement of an order
from the trial court finding the date on which notice or actual knowledge was received, this
Court cannot depart from the original appellate timetable. Nothing in the record before us
indicates that the Trevinos complied with proper procedures in the trial court; thus, their
request for findings of fact was due to be filed on February 19, 2002. Failure to timely file
the request deprived them of the additional 60 days in which to file their notice of appeal. 
Tex. R. App. P. 26.1(a)(4). Thus, the notice of appeal was due to be filed no later than
March 1, 2002, making the notice of appeal filed on May 22, 2002, untimely.

 Accordingly, without an order from the trial court reciting the date when the Trevinos
or their attorney first received notice that the order of severance was signed, we must
adhere to the original appellate deadlines and dismiss this appeal for want of jurisdiction. 
Tex. R. App. P. 42.3(a).


 Don H. Reavis

 Justice



Do not publish.

1. The 90th day after January 30, 2002, was April 30, 2002.