NO. 07-03-0513-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 25, 2004

_____


RANDY JACKSON, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 090839-00-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Randy Jackson, an inmate, filed a notice of appeal from the trial court's order denying his motion for summary judgment and dismissing his claims against the Texas Department of Criminal Justice pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. We dismiss this purported appeal for want of jurisdiction.

The order was signed on October 15, 2003, Jackson's request for findings of fact and conclusions of law was filed on November 6, 2003, and the notice of appeal was filed on December 8, 2003. Noticing that the request for findings and the notice of appeal were both filed beyond the time allowed by Rule 296 of the Texas Rules of Civil Procedure and Rule 26.1 of the Texas Rules of Appellate Procedure, by letter dated February 17, 2004, this Court requested that Jackson reasonably explain on or before March 15, 2004, why this appeal should not be dismissed for want of jurisdiction.

Jackson timely responded explaining that he did not receive actual notice of the trial court's order until sometime between October 17th and October 20th and that the date he mailed his request for findings of fact on November 5, 2003, is within the 20 day deadline provided by Rule 296. He urges that pursuant to Rule 306a(4), the time period in which to file his request for findings of fact should not have begun until he received actual knowledge of the signing of the trial court's order of dismissal.

Rule 306a(4) of the Texas Rules of Civil Procedure extends the plenary power of a trial court when a party adversely affected by a judgment fails to receive notice or actual knowledge of the signing of the judgment within 20 days after it is signed. If notice or actual knowledge of a signed judgment is not received until 20 days after it is signed, the appellate timetable commences on the date notice is actually received. However, the timetable may not begin more than 90 days after the judgment is signed. Tex. R. App. P. 4.2(a); *see also* Tex. R. Civ. P. 306a(4); In re Simpson, 932 S.W.2d 674, 676 (Tex.App.--

2

Amarillo 1996, no writ). It is incumbent upon the party complaining of late notice to prove by sworn motion, notice, and hearing in the trial court the date on which he or his attorney first received notice or actual knowledge of the signing of the judgment. Tex. R. Civ. P. 306a(5). After a hearing on a 306a(5) motion, the party must obtain a signed order specifying the date that notice or actual knowledge was first received. Tex. R. App. P. 4.2(c). Without adhering to the proper procedures and procurement of an order from the trial court finding the date on which notice or actual knowledge was received, this Court cannot depart from the original appellate timetable. Nothing in the record before us indicates that Jackson complied with proper procedures in the trial court; thus, his request for findings of fact was due to be filed on November 4, 2003. Failure to timely file the request deprived him of the additional time in which to file his notice of appeal. Tex. R. App. P. 26.1(a)(4). Thus, the notice of appeal was due to be filed no later than November 14, 2003, making the notice of appeal filed on December 8, 2003, untimely.

Accordingly, without an order from the trial court reciting the date when Jackson first received notice of the order of dismissal, we must adhere to the original appellate deadlines and dismiss this purported appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). Jackson also filed a motion for extension of time in which to file his brief together with his response to this Court's letter of February 17, 2004. Having determined we are without jurisdiction, the motion is moot.

Don H. Reavis
Justice

3