NO. 07-03-0513-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 25, 2004



______________________________




RANDY JACKSON, APPELLANT



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 090839-00-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Randy Jackson, an inmate, filed a notice of appeal from the trial court's
order denying his motion for summary judgment and dismissing his claims against the
Texas Department of Criminal Justice pursuant to chapter 14 of the Texas Civil Practice
and Remedies Code. We dismiss this purported appeal for want of jurisdiction.

 The order was signed on October 15, 2003, Jackson's request for findings of fact
and conclusions of law was filed on November 6, 2003, and the notice of appeal was filed
on December 8, 2003. Noticing that the request for findings and the notice of appeal were
both filed beyond the time allowed by Rule 296 of the Texas Rules of Civil Procedure and 
Rule 26.1 of the Texas Rules of Appellate Procedure, by letter dated February 17, 2004,
this Court requested that Jackson reasonably explain on or before March 15, 2004, why
this appeal should not be dismissed for want of jurisdiction. 

 Jackson timely responded explaining that he did not receive actual notice of the trial
court's order until sometime between October 17th and October 20th and that the date he
mailed his request for findings of fact on November 5, 2003, is within the 20 day deadline
provided by Rule 296. He urges that pursuant to Rule 306a(4), the time period in which to
file his request for findings of fact should not have begun until he received actual
knowledge of the signing of the trial court's order of dismissal.

 Rule 306a(4) of the Texas Rules of Civil Procedure extends the plenary power of a
trial court when a party adversely affected by a judgment fails to receive notice or actual
knowledge of the signing of the judgment within 20 days after it is signed. If notice or
actual knowledge of a signed judgment is not received until 20 days after it is signed, the
appellate timetable commences on the date notice is actually received. However, the
timetable may not begin more than 90 days after the judgment is signed. Tex. R. App. P.
4.2(a); see also Tex. R. Civ. P. 306a(4); In re Simpson, 932 S.W.2d 674, 676 (Tex.App.--Amarillo 1996, no writ). It is incumbent upon the party complaining of late notice to prove
by sworn motion, notice, and hearing in the trial court the date on which he or his attorney
first received notice or actual knowledge of the signing of the judgment. Tex. R. Civ. P.
306a(5). After a hearing on a 306a(5) motion, the party must obtain a signed order
specifying the date that notice or actual knowledge was first received. Tex. R. App. P.
4.2(c). Without adhering to the proper procedures and procurement of an order from the
trial court finding the date on which notice or actual knowledge was received, this Court
cannot depart from the original appellate timetable. Nothing in the record before us
indicates that Jackson complied with proper procedures in the trial court; thus, his request
for findings of fact was due to be filed on November 4, 2003. Failure to timely file the
request deprived him of the additional time in which to file his notice of appeal. Tex. R.
App. P. 26.1(a)(4). Thus, the notice of appeal was due to be filed no later than November
14, 2003, making the notice of appeal filed on December 8, 2003, untimely. 

 Accordingly, without an order from the trial court reciting the date when Jackson first
received notice of the order of dismissal, we must adhere to the original appellate deadlines
and dismiss this purported appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). Jackson
also filed a motion for extension of time in which to file his brief together with his response
to this Court's letter of February 17, 2004. Having determined we are without jurisdiction,
the motion is moot.

 Don H. Reavis

 Justice



ngs
credited testimony of police officers over his own testimony. In making such response,
however, appellant acknowledges and cites authority holding that at a suppression
hearing, the trial judge is the trier of fact and exclusive judge of witness credibility and
weight to be given witness testimony. Appellant's conclusions of abused discretion on the
part of the trial court do not comport with longstanding and well-established law concerning
appellate deference to trial court discretion. 

 Appellant's response also ascribes the crime of aggravated perjury to one of the
officers who testified at trial because the officer's testimony differed from his written report. 
His response cites the Penal Code and case law for elements of aggravated perjury, but
totally fails to address the standard of appellate review for conflicts in evidence presented
to a jury. Such standards entail legal and factual sufficiency of the evidence underlying
decisions of the factfinder based on deference to the factfinder's resolution of conflicts in
evidence and credibility questions. The standards do not call for or authorize our re-evaluation of evidence by substituting a view of the evidence favored by the losing party. 
When conflicting evidence is presented to a jury, it is well-established that the jury is to
determine the credibility of the witnesses and the weight to be given their testimony. 
Where the testimonial evidence is conflicting and requires an evaluation of demeanor and
credibility of witnesses, the jury is the final judge of the weight of the evidence. See Cain
v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). On appeal we do not disturb the
jury's credibility determinations. Id. A decision is not manifestly unjust merely because the
jury resolved conflicting views of the evidence in favor of the State. Id. at 410. An
appellate court is not to "find" facts, or to substitute its judgment for that of the jury. See
Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Appellant's contention that
conflicts in the evidence resulted in aggravated perjury ignore established precedent and
are meritless in the context of this record.

 Appellant further responds that the trial court abused its discretion in allowing the
State to impeach him at trial with extraneous offense evidence which appellant alleges was
not disclosed in accordance with the trial court's pre-trial orders. In regard to this
response, appellant once again recognizes that the trial court's decision is reviewed for
abuse of discretion. Appellant does not address that part of the record in which the trial
court afforded him a hearing outside the presence of the jury on the matters he now urges
as arguable error, and ruled against appellant's position. Nor does he address the lack
of evidence of harm, such as (1) any surprise to his counsel by the evidence, or (2) how
his case would have been tried any differently had the extraneous offense evidence been
disclosed earlier. In light of the record, appellant's assertions are meritless and present
no arguable grounds for an appeal. 

 In addition to reviewing the record in connection with the possible issues addressed
by appellant's counsel and the pro se response filed by appellant, we have made an
independent examination of the record to determine whether there are any arguable
grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found
no such grounds. We agree that the appeal is frivolous. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed. 


 Phil Johnson

 Chief Justice



Do not publish.