NO. 07-08-0293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A 

SEPTEMBER 15, 2008

______________________________


ROSS M. OâCONNER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-440,290; HON. LARRY B. LADD, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ. 
OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Ross M. OâConner, appeals his conviction for the offense of driving while
intoxicated and sentence of 120 days confinement in the county jail and fine of $1,000
suspended for one year. We will dismiss the appeal for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â On June 17, 2006, appellant was arrested for the offense of driving while intoxicated
and charged by information for the offense. Prior to trial, on November 1, 2007, and
January 16, 2008, the trial court held hearings on appellantâs motion to suppress
appellantâs statements made to the police officer prior to any Miranda warnings. On
February 21st, the trial court filed a letter denying appellantâs motion to suppress. On April
14th, appellant entered an open plea of guilty before the trial court, who delayed
sentencing and ordered a presentencing report. On May 29th, after receiving the
presentencing report, the trial court proceeded to find appellant guilty and sentenced him
to 120 days in county jail and $1,000 fine. The trial court then suspended the sentence as
well as $250 of the fine for one year. At the sentencing hearing, the trial court also briefly
mentioned some conditions of probation but concluded the hearing by stating that the
actual written judgment would be prepared later, requested that the State prepare the
judgment, and asked the State to make a copy available to defense counsel âso that he
can make any objections if he sees fit.â The judgment was signed on June 5th, and
appellant filed his notice of appeal on July 3rd. On August 12, this court notified appellant
that the notice of appeal appeared untimely having been filed more than 30 days from May
29th. Appellant filed a brief on the issue of the courtâs jurisdiction on August 22nd
contending that the time for filing notice of appeal began on June 5th with the trial courtâs
signing of the judgment.
Â Â Â Â Â Â Â Â Â Â A timely notice of appeal is necessary to invoke a court of appealsâ jurisdiction. 
Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a timely filed 
notice of appeal that complies with the requirements of the Texas Rules of Appellate
Procedure, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 
Â Â Â Â Â Â Â Â Â Â Appellant contends that, although the trial court announced sentencing in open court
on May 29th, the sentencing was not completed until the execution of the judgment on
June 5th. Appellant notes that the written judgment contains several conditions of
probation not announced at the May 29th hearing and contends that appellantâs sentence
was not âsuspended in open courtâ until the day the last condition of probation was decided
and formalized in the written judgment on June 5th. Appellant cites Bailey v. State, 160
S.W.3d 11 (Tex.Crim.App. 2004), for his contention that the time to file an appeal did not
begin until June 5th when all conditions of probations were âpronouncedâ in the judgment
because the court specifically requested that the State make a copy available to appellant
in order to allow him an opportunity to object. Appellant contends that, by allowing him an
opportunity to object, the trial court evidenced that it had not completed sentencing until
the terms of probation were incorporated into the judgment. We disagree.
Â Â Â Â Â Â Â Â Â Â In Bailey, the appellant pled guilty and was sentenced by the trial court who then
proceeded to suspend the sentence. However, the trial court set another hearing date for
one month later âto consider the Stateâs request for restitution as a further condition of
probation.â Bailey, 160 S.W.3d at 12 (emphasis added). After the restitution hearing, the
trial court ordered that the conditions of the appellantâs probation be amended to include
restitution payments and signed a restitution order to that effect. Bailey filed a notice of
appeal stating that â[t]he Defendant desires to appeal the JUDGMENT and SENTENCE in
the above cause, in addition to the Courtâs appealable ORDERS concerning restitution and
probationary conditions.â Id. The Court of Criminal Appeals acknowledged that Bailey
could not have appealed a decision granting restitution until the restitution order was
entered and, because of the unique facts of the case, determined that sentence was not
imposed within the meaning of Texas Rule of Appellate Procedure 26.2(a)(1) until the day
the last condition of probation was decided. Id. at 16. However, the starting point for
calculating the timeliness of the notice of appeal is context dependent. Rodarte v. State,
860 S.W.2d 108, 109 (Tex.Crim.App. 1993). In the âordinaryâ appellate context, where the
defendant appeals a judgment of conviction, the thirty days begin to run on the day
sentence is imposed or suspended in open court. Id. When some other action of the trial
court is appealed, the appellate timetable begins with the signing of the particular order. 
Id. In Bailey, the Court of Criminal Appeals made such a distinction and remanded the
cause only for a hearing on the merits of Baileyâs challenge to the restitution order, even
though Bailey also desired to appeal the judgment and sentence. Bailey, 160 S.W.3d at
16.
Â Â Â Â Â Â Â Â Â Â In this case, appellant challenges his conviction and sentence and raises on appeal
concerns regarding the admission of extra-judicial statements.


 Therefore, we conclude 
that the present case is from an âordinaryâ appellate context and, thus, appellantâs time to
file an appeal to challenge his conviction began to run on the day sentence was suspended
in open court on May 29. See Rodarte, 860 S.W. 2d at 109. Therefore, appellant was
required to give notice of appeal within 30 days after the date sentence was imposed in
open court, or June 30. See Tex. R. App. P. 26.2(a). Appellantâs failure to timely file a
notice of appeal prevents this court from exercising jurisdiction over his appeal. Slaton, 981
S.W.2d at 210. Consequently, the appeal is dismissed for want of jurisdiction.


 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Â 
Publish. 



sed="false" Name="Medium List 2 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00065-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



MARCH
31, 2010

Â 



Â 

RICKY D. STARKS, APPELLANT

Â 

v.

Â 

TEXAS DEPARTMENT OF

CRIMINAL JUSTICE, APPELLEE 



Â 



Â 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

Â 

NO. 91,655-00-E; HONORABLE DOUGLAS WOODBURN, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant,
Ricky D. Starks, appeals an order granting appellee, the Texas Department of
Criminal Justice, summary judgment.Â  We
dismiss for want of jurisdiction.

The
clerk=s record reflects that Starks filed
notice of appeal on February 22, 2010.Â 
The judgment appealed from was signed on October 20, 2009.Â  Appellant filed a motion for new trial on December
16, 2009.Â  A timely filed motion for new
trial will extend the deadline for filing notice of appeal to 90 days from the
date judgment was signed.Â  See Tex. R. App. P. 26.1.Â  However, in the present case, appellantÂs
motion for new trial was not timely filed.Â 
See Tex. R. Civ. P.
329b(a).

Texas
Rule of Civil Procedure 306a provides an exception to the general rule when a
party does not receive notice of judgment until 20 or more days after judgment
is signed so long as the notice is received prior to the ninety-first day after
the judgment is signed.Â  See Tex. R. Civ. P. 306a(4).Â  Under the procedures established by this
rule, the party adversely affected is required to prove in the trial court, on
sworn motion and notice, the date on which the party or his attorney first
either received a notice of the judgment or acquired actual knowledge of the
signing.Â  See Tex. R. Civ. P. 306a(5).Â  Compliance with the provisions of rule 306a
is a jurisdictional prerequisite.Â  See MemÂl Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex.
1987) (per curiam).

On January
22, 2010, appellant filed a motion to extend postjudgment deadlines in an
attempt to comply with the requisites of rule 306a(5).Â  However, appellant swore that Âthe foregoing
[the motion] is true and correct to the best of my knowledge . . . .ÂÂ  The Âsworn motionÂ required by rule 306a(5) is not satisfied by the affiantÂs allegation that
Âthe facts contained herein are true and correct to the best of my
knowledge.ÂÂ  In re
Simpson, 932 S.W.2d 674, 677 (Tex.App.ÂAmarillo 1996, no writ).Â  Rather, to be sufficient, the allegation must
directly and unequivocally represent the facts are true and within the personal
knowledge of the affiant.Â  Id.
(citing Burke v. Satterfield, 525 S.W.2d 950, 954-55 (Tex. 1975)).Â  

By
letter dated March 17, 2010, the Court notified Starks that it appeared from
the clerkÂs record that this CourtÂs jurisdiction was not properly invoked and
directed Starks to show cause why the appeal should
not be dismissed for want of jurisdiction.Â 
Starks filed a response on March 26, 2010.Â  

In this
response, Starks contends that, as an inmate, he is allowed to file an unsworn
declaration in lieu of a sworn certification.Â 
See Tex. Civ. Prac. &
Rem. Code Ann. Â§ 132.001 (Vernon Supp. 2009).Â  While Starks is correct, it is the equivocal
nature of his unsworn declaration that is fatal to his motion, rather than the
failure to have the declaration sworn.

In
addition, Starks contends that this Court cannot ÂraiseÂ the issue of a defect
in his motion to extend postjudgment deadlines.Â 
Compliance with the provisions of rule 306a is necessary to invoke this
CourtÂs jurisdiction when notice of appeal is untimely filed.Â  See Gillis, 741
S.W.2d at 365.Â  If notice of
appeal is not filed timely, the appellate court's jurisdiction is invoked only
to the extent that the court may determine its lack of jurisdiction and dismiss
the appeal. See Simpson, 932 S.W.2d at 679.Â  Courts must address questions of jurisdiction
both sua sponte and when raised by
the parties.Â  Buffalo
Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995,
no writ).Â  Thus, this Court can
not only ÂraiseÂ the issue of its jurisdiction, but it must do so when that
jurisdiction is absent or has not been properly invoked.

For the
foregoing reasons, we dismiss StarkÂs appeal for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice