NO. 07-09-0381-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2010

_____

HARVEY BRAMLETT, JR., APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
AND KEITH CLENDENNEN, APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 097015-00-E; HONORABLE ABE LOPEZ, JUDGE[1]
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Harvey Bramlett, Jr.,[2] proceeding pro se and in forma pauperis, is attempting to appeal the trial court's order dismissing his civil suit against Appellees, the Texas Department of Criminal Justice and Keith Clendennen. The suit was dismissed by

---

[1]The Honorable Abe Lopez retired on December 31, 2008, and the sitting judge of the 108th District Court is now the Honorable Douglas Woodburn.

[2]Although Bramlett failed to timely file an affidavit of indigency in this Court pursuant to Rule 20.1(c), he later requested to proceed in forma pauperis in response to a letter from the Clerk of this Court requesting the filing fee. Under the rationale of *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899 (Tex. 2006), we will allow Bramlett to proceed without payment of fees in this case.

order dated December 29, 2008, as frivolous for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code. We dismiss this purported appeal for want of jurisdiction.

On December 4, 2009, Bramlett filed a *Motion to Extend Time to File Notice of Appeal* in this Court. As grounds for the motion, Bramlett explained that he did not receive notice of the trial court's dismissal order until November 20, 2009. According to the limited documents filed to date, Bramlett did not file a motion for new trial and on December 21, 2009, filed his notice of appeal in the trial court.

A notice of appeal must be filed within thirty days after an appealable order is signed. Tex. R. App. P. 26.1. The deadline is extended to ninety days under certain circumstances. Tex. R. App. P. 26.1(a). Bramlett maintains he did not receive notice of the dismissal order until well after all deadlines in which to perfect an appeal had lapsed.

When a party alleges the trial court clerk failed to provide notice of judgment as required by Rule 306a of the Texas Rules of Civil Procedure, the remedy for extending the deadline is provided in Rule 306a(4) and (5). The plenary power of the trial court is extended when a party adversely affected by a judgment fails to receive notice or actual knowledge of the signing of the judgment within twenty days after it is signed. If notice or actual knowledge of a signed judgment is not received until twenty days after it is signed, the appellate timetable commences on the date notice is actually received. However, the timetable may not begin more than ninety days after the appealable order is signed. *See*

2

Tex. R. App. P. 4.2(a).  *See also* Tex. R. Civ. P. 306a(4); *In re Simpson*, 932 S.W.2d 674, 676 (Tex.App.–Amarillo 1996, no writ).

It is incumbent upon the party complaining of late notice to prove by sworn motion, notice, and hearing in the trial court the date on which he or his attorney first received notice or actual knowledge of the signing of the judgment.  Tex. R. Civ. P. 306a(5).  After a hearing on the sworn motion, the party must obtain a signed order specifying the date that notice or actual knowledge was first received.  Tex. R. App. P. 4.2(c).  Without adhering to the proper procedures and procurement of an order from the trial court finding the date on which notice or actual knowledge was received, this Court cannot depart from the original appellate timetable.

The notice of appeal filed on December 21, 2009, from the trial court's dismissal order dated December 29, 2008 is beyond all possible deadlines for perfecting this appeal. This Court has no discretion in the matter and has no option other than to dismiss the appeal.

**Pro Se Documents**

Appellant has also filed several pro se documents together with exhibits, including a request for preparation of a free reporter's record.  Due to the nature of the disposition of this appeal, i.e., want of jurisdiction, we are unable to consider any documents or complaints related to this appeal.

Consequently, this proceeding is dismissed for want of jurisdiction.[3]


                                        Patrick A. Pirtle
                                            Justice

---

[3]Because Bramlett's suit was not dismissed with prejudice, his remedy may be to refile the suit subject to any affirmative defenses which may exist.