NO. 07-09-0381-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2010

______________________________


HARVEY BRAMLETT, JR., APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
AND KEITH CLENDENNEN, APPELLEES

_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 097015-00-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Harvey Bramlett, Jr.,


 proceeding pro se and in forma pauperis, is
attempting to appeal the trial court’s order dismissing his civil suit against Appellees, the
Texas Department of Criminal Justice and Keith Clendennen. The suit was dismissed by
order dated December 29, 2008, as frivolous for failure to comply with chapter 14 of the
Texas Civil Practice and Remedies Code. We dismiss this purported appeal for want of
jurisdiction.
          On December 4, 2009, Bramlett filed a Motion to Extend Time to File Notice of
Appeal in this Court. As grounds for the motion, Bramlett explained that he did not receive
notice of the trial court’s dismissal order until November 20, 2009. According to the limited
documents filed to date, Bramlett did not file a motion for new trial and on December 21,
2009, filed his notice of appeal in the trial court. 
          A notice of appeal must be filed within thirty days after an appealable order is
signed. Tex. R. App. P. 26.1. The deadline is extended to ninety days under certain
circumstances. Tex. R. App. P. 26.1(a). Bramlett maintains he did not receive notice of
the dismissal order until well after all deadlines in which to perfect an appeal had lapsed. 
          When a party alleges the trial court clerk failed to provide notice of judgment as
required by Rule 306a of the Texas Rules of Civil Procedure, the remedy for extending the
deadline is provided in Rule 306a(4) and (5). The plenary power of the trial court is
extended when a party adversely affected by a judgment fails to receive notice or actual
knowledge of the signing of the judgment within twenty days after it is signed. If notice or
actual knowledge of a signed judgment is not received until twenty days after it is signed,
the appellate timetable commences on the date notice is actually received. However, the
timetable may not begin more than ninety days after the appealable order is signed. See
Tex. R. App. P. 4.2(a). See also Tex. R. Civ. P. 306a(4); In re Simpson, 932 S.W.2d 674,
676 (Tex.App.–Amarillo 1996, no writ). 
          It is incumbent upon the party complaining of late notice to prove by sworn motion,
notice, and hearing in the trial court the date on which he or his attorney first received
notice or actual knowledge of the signing of the judgment. Tex. R. Civ. P. 306a(5). After
a hearing on the sworn motion, the party must obtain a signed order specifying the date
that notice or actual knowledge was first received. Tex. R. App. P. 4.2(c). Without
adhering to the proper procedures and procurement of an order from the trial court finding
the date on which notice or actual knowledge was received, this Court cannot depart from
the original appellate timetable. 
          The notice of appeal filed on December 21, 2009, from the trial court’s dismissal
order dated December 29, 2008 is beyond all possible deadlines for perfecting this appeal. 
This Court has no discretion in the matter and has no option other than to dismiss the
appeal.
Pro Se Documents
          Appellant has also filed several pro se documents together with exhibits, including
a request for preparation of a free reporter’s record. Due to the nature of the disposition
of this appeal, i.e., want of jurisdiction, we are unable to consider any documents or
complaints related to this appeal. 
          Consequently, this proceeding is dismissed for want of jurisdiction.







                                                                           Patrick A. Pirtle

                                                                                 Justice