NO. 07-10-00065-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MARCH
31, 2010

 



 

RICKY D. STARKS, APPELLANT

 

v.

 

TEXAS DEPARTMENT OF

CRIMINAL JUSTICE, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 91,655-00-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant,
Ricky D. Starks, appeals an order granting appellee, the Texas Department of
Criminal Justice, summary judgment.  We
dismiss for want of jurisdiction.

The
clerk=s record reflects that Starks filed
notice of appeal on February 22, 2010. 
The judgment appealed from was signed on October 20, 2009.  Appellant filed a motion for new trial on December
16, 2009.  A timely filed motion for new
trial will extend the deadline for filing notice of appeal to 90 days from the
date judgment was signed.  See Tex. R. App. P. 26.1.  However, in the present case, appellant’s
motion for new trial was not timely filed. 
See Tex. R. Civ. P.
329b(a).

Texas
Rule of Civil Procedure 306a provides an exception to the general rule when a
party does not receive notice of judgment until 20 or more days after judgment
is signed so long as the notice is received prior to the ninety-first day after
the judgment is signed.  See Tex. R. Civ. P. 306a(4).  Under the procedures established by this
rule, the party adversely affected is required to prove in the trial court, on
sworn motion and notice, the date on which the party or his attorney first
either received a notice of the judgment or acquired actual knowledge of the
signing.  See Tex. R. Civ. P. 306a(5).  Compliance with the provisions of rule 306a
is a jurisdictional prerequisite.  See Mem’l Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex.
1987) (per curiam).

On January
22, 2010, appellant filed a motion to extend postjudgment deadlines in an
attempt to comply with the requisites of rule 306a(5).  However, appellant swore that “the foregoing
[the motion] is true and correct to the best of my knowledge . . . .”  The “sworn motion” required by rule 306a(5) is not satisfied by the affiant’s allegation that
“the facts contained herein are true and correct to the best of my
knowledge.”  In re
Simpson, 932 S.W.2d 674, 677 (Tex.App.—Amarillo 1996, no writ).  Rather, to be sufficient, the allegation must
directly and unequivocally represent the facts are true and within the personal
knowledge of the affiant.  Id.
(citing Burke v. Satterfield, 525 S.W.2d 950, 954-55 (Tex. 1975)).  

By
letter dated March 17, 2010, the Court notified Starks that it appeared from
the clerk’s record that this Court’s jurisdiction was not properly invoked and
directed Starks to show cause why the appeal should
not be dismissed for want of jurisdiction. 
Starks filed a response on March 26, 2010.  

In this
response, Starks contends that, as an inmate, he is allowed to file an unsworn
declaration in lieu of a sworn certification. 
See Tex. Civ. Prac. &
Rem. Code Ann. § 132.001 (Vernon Supp. 2009).  While Starks is correct, it is the equivocal
nature of his unsworn declaration that is fatal to his motion, rather than the
failure to have the declaration sworn.

In
addition, Starks contends that this Court cannot “raise” the issue of a defect
in his motion to extend postjudgment deadlines. 
Compliance with the provisions of rule 306a is necessary to invoke this
Court’s jurisdiction when notice of appeal is untimely filed.  See Gillis, 741
S.W.2d at 365.  If notice of
appeal is not filed timely, the appellate court's jurisdiction is invoked only
to the extent that the court may determine its lack of jurisdiction and dismiss
the appeal. See Simpson, 932 S.W.2d at 679.  Courts must address questions of jurisdiction
both sua sponte and when raised by
the parties.  Buffalo
Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995,
no writ).  Thus, this Court can
not only “raise” the issue of its jurisdiction, but it must do so when that
jurisdiction is absent or has not been properly invoked.

For the
foregoing reasons, we dismiss Stark’s appeal for want of jurisdiction.

                                                                                    

                                                                                    

                                                                        Mackey
K. Hancock

                                                                                    Justice