NO. 07-10-00354-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
22, 2010

 



 

IN THE INTEREST OF C.L.D., A CHILD



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B36743-0907; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Brandy Salazar attempts to
appeal a final order signed July 28, 2010, terminating her parental
rights.  Salazar filed a notice of appeal
on September 8, 2010.  On September 10,
2010, Salazar filed a motion in this court requesting an extension of time to
file her notice of appeal.  On our own
motion we abated the appeal to determine our jurisdiction.  We afforded the parties the opportunity to
file briefs or other materials relevant to the issue of our jurisdiction. The appellee, the Texas Department of Family and Protective
Services, filed a brief through which it argues Salazar did not timely notice
her appeal and we, accordingly, lack jurisdiction.  Salazar did not respond.  Having given the parties more than ten days
notice, we sua sponte take up
the issue of our appellate jurisdiction over this case.  Tex. R. App. P. 42.3.

In a civil case, appeal is perfected
by timely filing a notice of appeal.  Tex. R. App. P. 25.1(a). The procedures for an accelerated
appeal under the Rules of Appellate Procedure apply to an appeal from a final
order terminating the parent-child relationship. Tex. Fam.
Code Ann. §§ 109.002(a), 263.405(a) (Vernon 2009); In re K.A.F., 160 S.W.3d 923, 924-25 (Tex. 2005). The notice
of appeal must be filed within twenty days after the judgment or order is
signed in an accelerated appeal.  Tex. R. App. P. 26.1(b). 
Additional time to file a notice of appeal may be granted so long as the
notice is filed within fifteen days after the applicable deadline under Rule of
Appellate Procedure 26.1. See Tex. R.
App. P. 26.3 (authorizing discretionary extension of time); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997) (motion for extension implied if notice of appeal filed in good faith
within fifteen-day period of TRAP 26.3).[1]  

Once the fifteen-day grace period
passes, however, a party’s attempt to appeal will not invoke the appellate
court’s jurisdiction to determine the merits of the appeal.  See Verburgt, 959 S.W.2d at 617.  Rather, if notice of appeal is not timely
filed, the jurisdiction of the appellate court is invoked only to the extent
the court may determine its lack of jurisdiction and dismiss the appeal. See Fry v. Goodpasture,
Ltd., No. 07-05-0324-CV, 2005 Tex.App. Lexis 8779, at *2 (Tex.App--Amarillo
October 21, 2005, no pet.) (memo. op.) (citing In re Simpson,
932 S.W.2d 674, 679 (Tex.App.--Amarillo 1996, no
writ)).

Because the appeal was accelerated,
the deadline for filing Salazar’s notice of appeal was August 17.  Her notice of appeal was not filed by that
date, nor within the fifteen-day grace period.  Because her notice of appeal was not filed
within fifteen days of its due date, her motion for extension of time, also
untimely filed, cannot be granted. Salazar’s notice of appeal was untimely and
did not invoke our jurisdiction.  We
therefore dismiss the appeal.  Tex. R. App. P. 42.3(a). 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1]
But an appellant still must reasonably justify
the requested extension of time.  Woodard v. Higgins, 140
S.W.3d 462, 462 (Tex.App.--Amarillo 2004, no pet.).