NO. 07-10-00354-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 22, 2010

_____

IN THE INTEREST OF C.L.D., A CHILD

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B36743-0907; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Brandy Salazar attempts to appeal a final order signed July 28, 2010, terminating her parental rights. Salazar filed a notice of appeal on September 8, 2010. On September 10, 2010, Salazar filed a motion in this court requesting an extension of time to file her notice of appeal. On our own motion we abated the appeal to determine our jurisdiction. We afforded the parties the opportunity to file briefs or other materials relevant to the issue of our jurisdiction. The appellee, the Texas Department of Family and Protective Services, filed a brief through which it argues Salazar did not timely notice her appeal and we, accordingly, lack jurisdiction. Salazar did not respond. Having given the parties more than ten days notice, we *sua sponte* take up the issue of our appellate jurisdiction over this case. Tex. R. App. P. 42.3.

In a civil case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.1(a). The procedures for an accelerated appeal under the Rules of Appellate Procedure apply to an appeal from a final order terminating the parent-child relationship. Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (Vernon 2009); *In re K.A.F.,* 160 S.W.3d 923, 924-25 (Tex. 2005). The notice of appeal must be filed within twenty days after the judgment or order is signed in an accelerated appeal. Tex. R. App. P. 26.1(b). Additional time to file a notice of appeal may be granted so long as the notice is filed within fifteen days after the applicable deadline under Rule of Appellate Procedure 26.1. *See* Tex. R. App. P. 26.3 (authorizing discretionary extension of time); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension implied if notice of appeal filed in good faith within fifteen-day period of TRAP 26.3).[1]

Once the fifteen-day grace period passes, however, a party's attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal. *See Verburgt,* 959 S.W.2d at 617. Rather, if notice of appeal is not timely filed, the jurisdiction of the appellate court is invoked only to the extent the court may determine its lack of jurisdiction and dismiss the appeal. *See Fry v. Goodpasture, Ltd.,* No. 07-05-0324-CV, 2005 Tex.App. Lexis 8779, at *2 (Tex.App--Amarillo October 21, 2005, no pet.) (memo. op.) (citing *In re Simpson,* 932 S.W.2d 674, 679 (Tex.App.--Amarillo 1996, no writ)).

---

[1] But an appellant still must reasonably justify the requested extension of time. *Woodard v. Higgins,* 140 S.W.3d 462, 462 (Tex.App.--Amarillo 2004, no pet.).

Because the appeal was accelerated, the deadline for filing Salazar's notice of appeal was August 17.  Her notice of appeal was not filed by that date, nor within the fifteen-day grace period.  Because her notice of appeal was not filed within fifteen days of its due date, her motion for extension of time, also untimely filed, cannot be granted.  Salazar's notice of appeal was untimely and did not invoke our jurisdiction.  We therefore dismiss the appeal.  Tex. R. App. P. 42.3(a).

James T. Campbell
Justice

3