**The CITY OF LAREDO and Roberto Murillo, Relators,**

v.

**Honorable Henry G. SCHUBLE and Honorable Elma Salinas–Ender, Respondents.**

No. 04–97–00055–CV.

Court of Appeals of Texas, San Antonio.

March 26, 1997.

Charles H. Sierra, Ricardo J. Navarro, Denton, McKamie & Navarro, P.C., San Antonio, for relators.

Donato D. Ramos, Baldemar Garcia, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, for respondents.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

HARDBERGER, Chief Justice.

This is an original proceeding concerning a trial court's power to reinvoke its plenary jurisdiction pursuant to rule 306a of the rules of civil procedure. We hold that the trial court abused its discretion in setting for hearing real parties' motions for new trial and judgment notwithstanding the verdict

when the court's plenary jurisdiction had expired.

## Background

Real parties, the plaintiffs below, sued the City of Laredo and its chief traffic engineer, Roberto Murillo, for negligence in the wrongful death of their mother, Estefana Rosas. The deceased died from injuries suffered when she was struck by a truck while crossing a city street at the intersection of Scott Street and San Agustin. Following a week-long trial, the jury found no negligence by either defendant and also found Murillo to be performing discretionary functions in good faith.[1]

The defense counsel prepared a take-nothing judgment and sent the proposed judgment to plaintiffs' counsel for comment with a cover letter indicating that if they could not agree on the language, then the matter should be set for hearing on a motion to enter judgment. The proposed judgment with a motion for entry of judgment and a cover letter to the Webb County District Clerk were also filed in the case. On October 8, 1996, after several unsuccessful attempts to communicate with opposing counsel, defense counsel sent the same proposed judgment directly to the trial judge and requested that judgment be entered "without the necessity of having a hearing on this matter." The letter also informed the court that defense counsel anticipated that plaintiffs' counsel would seek a new trial and a judgment notwithstanding the verdict, but that these were post-judgment matters that should not delay the entry of final judgment. Plaintiffs' counsel were duly served with a copy of this correspondence and proposed judgment. The trial court signed the final judgment as proposed on October 16, 1996. A copy of the judgment was mailed by the district clerk to all counsel of record.

More than sixty days later, one of plaintiffs' counsel acquired actual knowledge that judgment had been entered. He first acquired this knowledge through a casual visit with defense counsel while both were at the courthouse on another matter. On December 17, 1996, plaintiffs filed a motion, pursuant to rule 306a of the rules of civil procedure, to reinvoke plenary jurisdiction from the date they first realized that judgment had been entered. They also filed motions for new trial and for judgment notwithstanding the verdict and requested a setting on these motions. Visiting Judge Henry G. Schuble granted the 306a motion and Judge Elma Salinas–Ender set the other two motions for hearing thereafter. We granted relators' leave to file a writ of mandamus and issued an order staying the proceedings below pending determination of this original proceeding.

## Rule 306a

■ Texas Rule of Civil Procedure 306a concerns the time periods which run following the entry of a judgment. Sections 3, 4, and 5 are implicated here. Section 3 requires the clerk of court to immediately give notice that the judgment was signed to the parties or their attorneys of record by first-class mail. In the event this is not timely accomplished, section 4 provides:

> If within twenty days after the judgment ... is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment ... was signed.

Tex.R.Civ.P. 306a (4) (Vernon Supp.1997). In order to establish the application of section 4,

> the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or

---

1. This case has been before us on two previous occasions on interlocutory appeal for the denial of motions for summary judgment based on official immunity. *See Murillo v. Garza, (Murillo I )*, 881 S.W.2d 199 (Tex.App.—San Antonio 1994, no writ); *Murillo II, 904 S.W.2d 688 (Tex.App.—San Antonio 1995, writ denied).*

his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date is more than twenty days after the judgment was signed.

*Id.* at 306a (5); *see Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding) (purpose of 306a motion is to establish prima facie showing that trial court has jurisdiction for 306a hearing).

■ The plaintiffs below failed to invoke the trial court's 306a jurisdiction, however, because they did not file a verified 306a motion. Although they attached an affidavit from one of plaintiffs' counsel stating the bare fact of when he first acquired actual knowledge, the affidavit does not refer to the 306a motion or verify any of the facts in the motion itself. When, as here, a sworn motion is a requirement to establish jurisdiction, it must be sufficiently verified [2] to invoke the trial court's power to act. *See In Interest of Simpson*, 932 S.W.2d 674, 677 (Tex.App.— Amarillo 1996, n.w.h.).

Rule 306a clearly places the burden to establish its applicability on the movant. Tex.R.Civ.P. 306a (5); *Carrera*, 847 S.W.2d at 342. The only evidence movants presented in this case was the single affidavit of one of plaintiffs' attorneys, Baldemar Garcia, Jr., who is an associate at the law firm of lead counsel for plaintiffs, Donato Ramos. In his affidavit, Mr. Garcia stated:

I was first informed of the signing of a judgment in the above mentioned Cause on December 17, 1996. Mr. Olivero Canales, one of Defendant's attorneys, verbally informed me of the signing of this Judgment while we were both in court (Webb County Court at Law No. 2) on unrelated matters. I was previously unaware of the signing of any judgment in this Cause.

I acquired actual knowledge of the signing of this Judgment on December 17, 1996.

All that this affidavit offers is prima facie evidence that one member of plaintiffs' legal team did not know that final judgment had been entered until opposing counsel mentioned it on December 17, 1996. This evidence is insufficient to show that plaintiffs had not received either written notice or acquired actual knowledge of the entry of judgment in a timely fashion. Indeed, plaintiffs' counsel admitted at the 306a hearing that they were not refuting the fact that the district clerk had sent timely notice to all counsel of record.

Mr. Garcia: The rule also mentions when we received a notice. This reason I didn't put the, put that in our affidavit, Judge, is because I don't open mail in our office. So, I don't really have personal knowledge of that. I am not saying that we did not receive it, but I just never saw it until after the 20 days. It can very well be that it was sent to us. I have seen the response that Defendants filed today.... They have an affidavit from the gentleman at the clerk's office who mailed us notice. We are not refuting that, Judge.

While we appreciate counsel's candor on this issue, plaintiffs presented no evidence showing that Mr. Ramos, the attorney of record, or that the plaintiffs themselves had no actual knowledge until December 17, 1996. They really do not deny that the clerk sent the notice to their office nor do they say they did not receive it. Notice and actual knowledge must be negated by all such parties and counsel in order to establish a prima facie showing that notice was untimely. *See* Tex. R.Civ.P. 306a (4); *Simpson*, 932 S.W.2d at 677; *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 813 (Tex.App.— Dallas 1994, writ denied). The plaintiffs having failed to invoke the trial court's jurisdiction at the 306a hearing we find an abuse of discretion with regard to the orders setting the post-judgment motions for hearing.

### Clear Abuse of Discretion

■ A writ of mandamus will lie to correct an order the trial court had no power or jurisdiction to render. *See Urbish v. 127th Judicial District Court*, 708 S.W.2d 429, 431 (Tex.1986); *Johnson v. Fourth Court of Ap-*

**2.** To meet this requirement, the affidavit or verification must state directly and unequivocally that the facts alleged are true and within the personal knowledge of the affiant. *See Hum-* *phreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Burke v. Satterfield*, 525 S.W.2d 950, 954– 55 (Tex.1975).

*peals,* 700 S.W.2d 916, 918 (Tex.1985). Relators' petition for writ of mandamus is conditionally granted. Writ will issue only in the event that the trial court does not vacate within ten days of the issuance of this opinion its orders concerning the three post-judgment motions.