No. 04-01-00473-CV



Hector Hugo VELA,


Appellant



v.



Tomas GOMEZ,


Appellee



From the County Court at Law No. 1, Webb County, Texas


Trial Court No. 2001-CVD-000076-L1


Honorable Henry Schuble, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 24, 2002


REVERSED AND RENDERED

 Hector Hugo Vela ("Vela") appeals a judgment rendered by a county court in an appeal from
a justice court. Vela presents two issues on appeal, contending: (1) the county court was without
jurisdiction to consider the appeal because the appeal was untimely filed; and (2) the county court was
without subject matter jurisdiction to consider a new ground for recovery on appeal. We hold that
the appeal from the justice court was untimely filed; therefore, the county court was without
jurisdiction to consider the appeal. Accordingly, we reverse the trial court's judgment and render
judgment dismissing the appeal from the justice court to the county court.

Background


 Tomas Gomez ("Gomez") filed a forcible detainer action against Vela seeking possession of
a mobile home he had sold to Vela under an agreement to sell. (1) The justice court concluded that
Gomez was "entitled to possession of the premises TO PAY THE FULL AMOUNT IN THE
OFFICE TODAY as described in the complaint." The justice court ordered that Gomez "have
restitution, for which let writ issued [sic], of the premises described in its complaint." The justice
court's judgment was signed February 5, 2001.

 Gomez filed an appeal from the justice court's judgment on February 23, 2001. The appeal
notice states that Gomez did not receive notice of the judgment until February 20, 2001. Gomez
appealed the justice court's judgment because Gomez contended the vague judgment allowed Vela
to retain possession of the mobile home if he paid $1,500 into the court's registry before the eviction
date.

 The county court determined that the mobile home was personal property and allowed Gomez
to amend his pleadings to assert a claim for title to property. (2) The county court entered a judgment,
finding in favor of Gomez on his right to property claim and ordering that Gomez was entitled to
immediate possession by a writ of possession. The county court further ordered that Vela was
entitled to receive the $1,500 that he had deposited into the court's registry when he vacated the
premises.

 On April 11, 2001, the justice court issued the writ of possession. On April 23, 2001, Vela
filed a motion to dissolve the writ of possession in the county court raising the jurisdictional
complaints asserted on appeal; however, the motion was not timely presented to the county court.
Vela then timely filed this appeal.

Discussion


 An appeal in a forcible detainer case is perfected by filing an appeal bond in the county court
within five days after the judgment is signed. Tex. R. Civ. P. 749. In this case, the justice court's
judgment was signed on February 5, 2001, but Gomez did not file the appeal bond within five days
of that date. Gomez stated in his appeal notice that he did not receive notice of the judgment until
February 20, 2001, apparently in an attempt to have the deadline to file the appeal bond run from a
date other than the date the justice court's judgment was signed. However, Gomez did not comply
with the requirements of rule 306a to obtain a trial court's finding that notice of the justice court's
judgment was not timely received. Compliance with the exception provisions of rule 306a is a
jurisdictional prerequisite. See In re Simpson, 932 S.W.2d 674, 678 (Tex. App.--Amarillo 1996, no
writ). Gomez had the burden to establish the lack of notice in the manner prescribed by rule 306a,
and because he failed to comply with rule 306a, the general rule that the time period ran from the date
of the justice court's judgment prevails. Id.; see also City of Laredo v. Schuble, 943 S.W.2d 124,
126 (Tex. App.--San Antonio, no writ) Accordingly, the county court was without jurisdiction to
enter its judgment.

Conclusion


 Because the appeal from the county court was untimely, the county court should have
rendered a judgment dismissing the appeal. We reverse the county court's judgment and render
judgment dismissing the appeal from the justice court to the county court. See Tex. R. App. P.
43.2(c).

 Catherine Stone, Justice


DO NOT PUBLISH
1. A forcible detainer action was proper because the mobile home was placed on a lot owned by Vela under a
contract for sale and is considered real property. See Tex. Prop. Code Ann. § 2.001 (a)(b) (Vernon Supp. 2002)
(manufactured home is considered personal property only if placed on a lot that is not titled in the name of the
consumer under a deed or contract for sale); Tex. Rev. Civ. Stat. Ann. art. 5221f, § 15 (Vernon Supp. 2002) (mobile
home included in definition of manufactured home).
2. If the mobile home was personal property, the proper cause of action would be a trial of the right of property.
See Tex. Prop. Code Ann. § 25.001 (Vernon 2000). However, as previously noted, the mobile home is considered
real property under Texas law.