IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00361-CV

 

Apparajan Ganesan,

                                                                      Appellant

 v.

 

David Forrest and 

Claudia Reeves,

                                                                      Appellees

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. C200400488

 



MEMORANDUM  Opinion










 

          Apparajan Ganesan filed a notice of
appeal from an order of the trial court dismissing his civil suit for failure
to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.  The
trial court signed the dismissal on March 23, 2005, and Ganesan’s notice of appeal
was filed on May 26, 2005.

          We sent Ganesan a letter questioning
our jurisdiction of the case because the notice of appeal appeared to be
untimely filed.  Ganesan responded that he did not receive the notice required
by Rule 306a of the Texas Rules of Civil Procedure that the dismissal judgment
had been signed and that he received actual notice of the judgment on May 23,
2005.  He also responded that he promptly filed a motion to reinstate under the
time table as extended by Rule 306a(4).  Ganesan also characterized his motion
to reinstate, “in the alternate,” as a notice of appeal.  This notice of appeal
will be timely only if the time to file the notice of appeal is extended by
compliance with Rule 306a(5).  Tex. R.
Civ. P. 306a(4) & (5); Tex.
R. App. P. 4.2(a) & (b).

          On the record before us, Ganesan is
not entitled to the benefits of Rule 306a(4) because he did not comply with
Rule 306a(5).  Tex. R. Civ. P.
306a(4) & (5); Tex. R. App. P.
4.2(a) & (b).  Subsection (5) specifically provides,

In order to established the application of
paragraph (4) of this rule, the party adversely affected is required to prove
in the trial court, on sworn motion and notice, the date on which the party or
his attorney first either received a notice of the judgment or acquired actual
knowledge of the signing and that this date was more than twenty days after the
judgment was signed.

          

Tex. R. Civ. P. 306a(5).  

          Rule 306a places the burden to
establish its applicability on the party seeking to invoke the rule’s
benefits.  See City of Loredo v. Schuble, 943 S.W.2d 124, 126
(Tex. App.—San Antonio 1997, orig. proceeding).  To extend the appellate
timetable, the trial court must sign an order finding the date when the party
or his attorney first either received notice or acquired actual knowledge the
judgment was signed.  Tex. R. App. P.
4.2(c).  To invoke the trial court's power to so act, the party must file a
sworn motion offering prima facie evidence of when the party or his attorney
first received notice or actual knowledge of the signing of the judgment.  See
In re Jones, 974 S.W.2d 766, 768 (Tex. App.—San Antonio 1998, orig.
proceeding); Schuble, 943 S.W.2d at 126; In the Interest of
Simpson, 932 S.W.2d 674, 678 (Tex. App.—Amarillo 1996, no writ).  Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5).  

          A motion filed pursuant to Rule 306a
is sufficient only if it is accompanied by a verification or affidavit stating
"directly and unequivocally that the facts alleged are true and within the
personal knowledge of the affiant."  Schuble, 943 S.W.2d at 126
n.2; Simpson, 932 S.W.2d at 677.  An unsworn motion is insufficient to
invoke the trial court’s jurisdiction to extend the date on which the appellate
timetable begins to run.  See Schuble, 943 S.W.2d at 126; Simpson,
932 S.W.2d at 677-679.  See also Barnes v. Tex. Dep't of Crim.
Justice-Institutional Div., No. 14-02-00801-CV, 2002 Tex. App. LEXIS 6925
(Tex. App.—Houston [14th Dist.] 2002, no pet.); Quezada v. Hinkle, No.
04-99-00824-CV, 1999 Tex. App. LEXIS 8922 (Tex. App.—San Antonio 1999, pet.
denied).

          There is no motion by which Ganesan
sought a determination of the date he received notice of the judgment.  And
further, what documents we have in the record, such as the motion to reinstate,
are not sworn to so as to provide proof of the date Ganesan learned of the
judgment against him.  Thus, the appellate timetable has not been extended, and
Ganesan’s notice of appeal is untimely.

          Accordingly, we have no jurisdiction
of this appeal.

          Ganesan’s appeal is dismissed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed January 18, 2006

[CV06]


 






60;                                                                                     

      Terry Huntsberry, a prison inmate, brought a pro se action in forma pauperis against Carolyn
Pollard, the District Clerk of Coryell County. Huntsberry alleged that the clerk negligently failed
to timely forward a transcript to this court in Huntsberry's appeal from a judgment of dismissal
in a different case.


 Before the defendant was served with process, the court dismissed the cause
as being "frivolous and/or malicious."



      In a single point of error, Huntsberry contends that the trial court abused its discretion when
it dismissed the complaint without considering the facts within the petition. The judgment of
dismissal will be affirmed.


 The court specified that Huntsberry's petition was dismissed because
"the action's realistic chance of ultimate success [was] slight."



      Section 13.001 of the Texas Civil Practice and Remedies Code provides that a court in which
an affidavit of inability to pay has been filed may dismiss an action as frivolous or malicious if the
action's realistic chance of ultimate success is slight.


 In evaluating the petition, the court could
have considered that the named defendant was not liable because it was Huntsberry, and not the
district clerk, who had the ultimate burden to forward the transcript to this court.


 Although rule
51(c) of the Texas Rules of Appellate Procedure imposes a duty on the clerk to "prepare . . . and
immediately transmit the transcript to the appellate court," the primary responsibility to place the
record before this court, according to rule 50(d), remains with the appellant.


 Because Huntsberry
failed to request from this court an extension of time in which to file the transcript in the original
appeal, it was his failure that rendered the filing of the transcript untimely.


 Thus, we conclude
that the court did not abuse its discretion when it found that the action's realistic chance of ultimate
success was slight and dismissed Huntsberry's petition against the district clerk.



      Recognizing that the Texas Supreme Court has declined to "imply approval of a dismissal of
an action based solely upon section 13.001(b)(1)," and that our duty is to affirm the dismissal if
it was proper under any legal theory, we conclude that the dismissal of Huntsberry's claim under
section 13.002(b)(2) of the Texas Civil Practice and Remedies Code would have been justified
because the claim had no arguable basis in law or in fact.


 In Nix v. Fraze, the Dallas Court of
Appeals affirmed a summary judgment in favor of a district clerk who was sued for negligence in
failing to timely forward the transcript to that court in a different case.


 Because the court in this
case could have concluded that Huntsberry's claim had no arguable basis in law or in fact, we
overrule his single point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 22, 1992
Do not publish