

IN THE
TENTH COURT OF APPEALS

No. 10-09-00107-CV

IN THE MATTER OF THE MARRIAGE OF
BEVERLY JANE (AKINS) RIDER
AND
JERRY LYNN RIDER

From the 378th District Court
Ellis County, Texas
Trial Court No. 72,128D

## MEMORANDUM OPINION

Beverly Jane Rider attempts to appeal a final decree of divorce signed on December 17, 2008. Rider's notice of appeal was filed with the trial court on April 3, 2009.

The Clerk of this Court sent Rider a letter questioning our jurisdiction because it appeared the notice of appeal was untimely filed. In the same letter, the Clerk warned Rider that we would dismiss the appeal unless, within 21 days from the date of the letter, a response was filed showing grounds for continuing the appeal. Rider responded that she did not receive a copy of the final decree until January 15, 2009, that she filed a motion for new trial pursuant to Rule 306a of the Texas Rules of Civil

Procedure, and that because of Rule 306a, the time for filing the motion for new trial did not begin to run until January 15. 2009.[1]

Pursuant to Rule 306a and under certain circumstances, certain time periods, such as the filing of a motion for new trial, are allowed to run from the date the attorney or party acquired actual notice of the judgment or other appealable order.  *See* TEX. R. CIV. P. 306a(4).  But Rule 306a places the burden to establish the rule's applicability on the party seeking to invoke its benefits.  *See City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex. App.—San Antonio 1997, orig. proceeding); *see also Ganesan v. Forrest*, No. 10-05-00361-CV, 2006 Tex. App. LEXIS 425, *2 (Tex. App.—Waco Jan. 18, 2006, pet. denied). Rule 306a(4)'s extension is not automatic.  *Scott v. Healey*, No. 01-04-00716-CV, 2005 Tex. App. LEXIS 5884, *5 (Tex. App.—Houston [1st Dist.] July 28, 2005, no pet.).  *See* TEX. R. CIV. P. 306a(5); *Moore Landry, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 540-543 (Tex. App.—Houston [1st Dist.] 2003, no pet.)).  Rule 306a(5) requires a party seeking to invoke rule 306a(4)'s extension (1) to file a sworn motion *and serve notice of hearing on it*, (2) to prove in the trial court the date on which he first received notice or acquired actual knowledge of the judgment, and (3) to prove that that date was more than 20 days after the signing of the judgment.  *Scott*, 2005 Tex. App. LEXIS 5884, at *5-6; TEX. R. CIV. P. 306a(5).

Rider did not follow the requirements of Rule 306a(5).  Although she filed a motion for new trial[2] to which she attached affidavits from her attorney and herself

---

[1] The logical extension of this argument is that the notice of appeal is therefore timely because a motion for new trial was timely filed.  *See* TEX. R. APP. P. 26.1(a)(1).

stating the date they received a copy of the judgment, she did not notice the motion for a hearing or request a hearing in any manner. Thus, she never *proved* in the trial court the date she received the judgment. TEX. R. CIV. P. 306a(5) ("the party adversely affected is required to *prove* in the trial court, on sworn motion *and notice*, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing…") (emphasis added).

Because Rider did not comply with Rule 306a(5), she does not reap its benefits. Therefore, Rider's notice of appeal is untimely, and we have no jurisdiction of this appeal.

The appeal is dismissed. TEX. R. APP. P. 42.3(a).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Appeal dismissed
Opinion delivered and filed May 27, 2009
[CV06]

---

[2] Rider never mentioned in her motion that she was trying to establish a date for the running of the time period to file a motion for new trial and never requested a determination of that issue.