**Dismissed and Majority and Concurring Opinions filed July 2, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00349-CV

---

## WALTER M. JARRELL JR., DDS, INDIVIDUALLY, AND WALTER M. JARRELL, JR., DDS, INC., A TEXAS CORPORATION, Appellants

## V.

## TIFFANY BERGDORF, INDIVIDUALLY, LYNN HALTERMAN, INDIVIDUALLY, RANDALL RAIMOND, INDIVIDUALLY, ALLEN THORNBERG, INDIVIDUALLY, AND AFTCO, INC., A TEXAS CORPORATION, Appellees

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-43505**

---

## C O N C U R R I N G   O P I N I O N

The Supreme Court of Texas has admonished repeatedly that courts should construe and apply procedural rules so that decisions turn on substance, not procedural technicalities. Among other contexts, the court has applied this principle to preserve appellate jurisdiction when a party's technical compliance

with appeal procedures is less than complete. *See Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006) (per curiam); *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *see also Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 717 (Tex. 2003) (referring to "our oft-repeated position that a party should not lose the right to appeal because of an 'overly technical' application of the law"); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam) ("It is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule."); *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991) (per curiam) (stating that procedural rules should be "liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality"). It has long been the rule that an appellate court has jurisdiction over any appeal in which the appellant files any instrument in a bona fide attempt to invoke jurisdiction, even if the notice of appeal does not strictly comply with the applicable requisites. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam); *see also City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam) (notice of appeal filed under the wrong docket number is a bona fide attempt to invoke appellate jurisdiction); *Approximately $58,641 v. State*, 331 S.W.3d 579, 582 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (notice of appeal that did not strictly comply with requirements constituted bona fide attempt to invoke appellate court jurisdiction).

The present matter's dispositive issue is whether a motion requesting rule 306a relief has re-invoked a trial court's previously expired jurisdiction. We hold

today, consistent with controlling or congruous case law, that the Jarrell Parties did not re-invoke the trial court's jurisdiction due to less than perfect compliance with rule 306a's requirements, as courts have construed the rule. Appellate courts, including this one, have held or implied that if a rule 306a motion does not negate notice and actual knowledge of both the party and the party's counsel, the motion is insufficient to make a prima facie showing that re-invokes the trial court's jurisdiction for the limited purpose of holding an evidentiary hearing. *See In re Jamea*, No. 14-10-00228-CV, 2010 WL 2968044, at *6-7 & n.4 (Tex. App.—Houston [14th Dist.] July 29, 2010, orig. proceeding) (mem. op.); *In re J.S.*, 392 S.W.3d 334, 338 (Tex. App.—El Paso 2013, no pet.) (notice and actual knowledge must be negated by both the party and the party's counsel in order to make a prima facie showing of lack of timely notice under rule 306a(4)); *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex. App.—San Antonio 1997, orig. proceeding) (holding that affidavit only established when member of plaintiffs' legal team acquired knowledge and was not sufficient to show that plaintiffs had not received written notice or acquired actual knowledge of the entry of judgment in timely fashion); *In re Simpson*, 932 S.W.2d 674, 677-78 (Tex. App.—Amarillo 1996, no writ) (holding rule 306a motion, which only stated party's past and present attorney had no notice or knowledge of signing of judgment until his present attorney acquired actual knowledge and did not refer to whether party himself had notice or knowledge of judgment within twenty-day period, did not negate possibility that party had received notice or knowledge within twenty-day period).

As a result of our holding, the Jarrell Parties are denied any substantive review of the dismissal order or their motion for reinstatement. Because trial court jurisdiction expired and was not re-invoked by the Jarrell Parties' rule 306a motion, their notice of appeal is untimely. I write separately to suggest that the

Supreme Court of Texas may wish to consider whether rule 306a's construction as described by the above cases is correct, and if so, whether a motion requesting rule 306a relief but not in technical compliance with the rule nonetheless is a bona fide attempt to invoke trial court jurisdiction to determine whether rule 306a relief should be granted.

/s/    Kevin Jewell
Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot (Jewell, J., concurring).