**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 18, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00351-CV

### IN RE TANYA WILSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**335th District Court**
**Bastrop County, Texas**
**Trial Court Cause No. 383-335**

---

## MEMORANDUM OPINION

On Monday, May 4, 2020, relator Tanya Wilson filed a petition for writ of mandamus in the Third Court of Appeals. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. The Texas Supreme Court issued a transfer order on March 4, 2020, transferring this cause to our court. In her petition, relator asks this court to compel the Honorable Reva L. Towslee, presiding judge of the 335th

District Court of Bastrop County, to vacate an April 30, 2020 "order[1]" issued by the trial court and to conduct a Texas Rule of Civil Procedure 306a(5) hearing to determine when relator received actual notice that a judgment had been signed from which she wishes to appeal. *See* Tex. R. Civ. P. 306a(5). In response, real-party-in-interest, Joanna Shumaker, argues that realtor's 306a motion was insufficient to the extend the trial court's plenary power to hold a hearing on the motion. We agree with Shumaker and deny this petition for writ of mandamus.

## I.     Background

On February 12, 2020, the trial court signed a final and appealable judgment that adversely affected relator. On April 8, 2020, relator filed a notice of appeal. On April 14, 2020, relator filed a request for findings of fact and conclusions of law. On April 24, 2020, relator filed a motion to extend post-judgment deadlines pursuant to Texas Rule of Civil Procedure 306a(4). *See* Tex. R. Civ. P. 306a(4).

In her 306a motion, relator asked the trial court to determine the date relator "acquired actual notice and received notice" of the trial court's judgment pursuant to Texas Rule of Civil Procedure 306a(4). Relator alleged that she did not receive notice or acquire actual knowledge or the judgment until March 31, 2020. Relator attached an affidavit to the motion stating, in relevant part,

> "I did not know that the Court signed a judgment until March 31, 2020. Before that date, I had no notice or actual knowledge of the judgment. If I had received notice of acquired knowledge of the Court's judgment, I would have instructed my attorney to file a motion for a new trial and/or notice of appeal."

> "I learned of the Court's judgment when I received post-judgment discovery in the mail. To my knowledge, no notice of judgment was ever sent. I did not otherwise know the judgment existed until March 31, 2020,

---

[1] The document signed by the trial court on April 30, 2020 is titled "The Court's Response to the Request for Findings of Fact and Conclusions of Law and for a Hearing on Defendant's Motion to Extend Post Judgment Deadlines." The trial court lacked plenary power to enter an order on April 30, 2020.

as I believed the case was still under advisement and that no judgment had yet been signed."

Relator did not include an affidavit from her trial counsel stating when counsel had learned of the judgment. Relator did not aver in her affidavit as to when her trial counsel learned of the judgment. In her motion, relator stated that neither she nor her attorney "learned by any other means, formal or informal, of the Court's judgment within 20 days after the judgment was signed." The motion alleging that trial counsel, who withdrew from relator's representation on April 17, 2020, did not receive notice or acquire actual knowledge of the judgment was not filed by or signed by trial counsel, but instead her appellate counsel.

The trial court did not set the motion for a hearing. On April 30, 2020, the trial court signed a document captioned "The Court's Response to the Request for Findings of Fact and Conclusions of Law and For a Hearing on Defendant's Motion to Extend Post Judgment Deadlines." That documents contains eight findings and conclusions:

1. Final judgment was signed by this court on February 12, 2020.

2. The judgment was filed with the clerk on February 12, 2020 at 2:57 pm.

3. Notice was sent to the attorneys of record by the District Clerk's office.

4. Notice of Appeal was filed by [relator] on April 8, 2020.

5. Notice of Appeal is untimely filed.

6. This court does not have the authority to make any further findings or conduct hearing in this case.

7. The judgment in this case is final.

8. The court is aware that the 14th Court of Appeals is considering that this appeal be dismissed.

On May 4, 2020, relator filed a petition for writ of mandamus in this court complaining of the trial court's "ruling" on her 306a motion without hearing.

## II.     Standard of Review

With certain exceptions, to obtain mandamus relief a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## III.     Analysis

When a final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys by first-class mail advising that the judgment or order was signed. Tex. R. Civ. P. 306a(3). If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of Rule 306a nor acquired actual knowledge of the order, then with respect to that party, time periods for filing post-judgment motions and the notice appeal shall begin on the date the party received such notice or acquired actual notice of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or appealable order was signed. Tex. R. Civ. P. 306a(4). In order to take advantage of the extended time periods provided in paragraph (4) of Rule 306a, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date upon which the party or his attorney first either received notice of the judgment or acquired actual knowledge of its signing, and that this date was more than twenty days after the date the judgment was signed. Tex. R. Civ. P. 306a(5).

Rule 306a places the burden to establish its applicability on the movant. *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex. App.—San Antonio 1997, orig. proceeding); *In re Simpson*, 932 S.W.2d 674, 677 (Tex. App.—Amarillo 1996, no writ.); *In re Jamea*, No. 14-10-00228-CV, 2010 WL 2968044, at *5 (Tex. App.—Houston [14th Dist.] July 29, 2010, orig. proceeding) (mem. op.). Compliance with the provisions of Rule 306a is a jurisdictional prerequisite. *Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam); *In re Simpson*, 932 S.W.2d at 677; *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex. App.—El Paso 1993, orig. proceeding); *In re Jamea*, 2010 WL 2968044, at *5. Rule 306a specifies that the party must prove "the date on which the *party or his attorney* first either received notice of the judgment or acquired actual knowledge of the signing." Tex. R. Civ. P. 306a(4) (emphasis added). The Supreme Court of Texas, our court, and others have construed this language to require parties to present evidence establish the date or dates on which the party *and* the party's counsel first received notice or acquired actual knowledge of the judgment. *Jarrell v. Bergdorf*, 580 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *In re Jamea*, 2010 WL 2968044, at *6–7 & n.4; *In re J.S.*, 392 S.W.3d 334, 338 (Tex. App.—El Paso 2013, no pet.); *Schuble*, 943 S.W.2d at 126; *In re Simpson*, 932 S.W.2d at 677–78). Unless the movant in the sworn motion makes a prima facie showing of the dates upon which the movant *and* the movant's attorney first either received notice of judgment or acquired actual knowledge of its signing, the trial court's plenary power is not reinvoked and the trial court is without jurisdiction to conduct a hearing under rule 306a(5). *Jarrell*, 580 S.W.3d at 468 (citing *In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *5–6).

In her 306a motion, relator verifies only her own contention that notice or actual knowledge of the judgment was not received within twenty days of the judgment; she does not negate by sworn statement of trial counsel the possibility that counsel received notice or acquired actual knowledge within twenty days after the trial court signed the judgment. Following the precedent of the Supreme Court of Texas, this court, and our sister courts, we conclude that relator did not comply with rule 306a(5)'s requirement that she file a sworn motion establishing the date on which she or her counsel first either received notice of the order or acquired actual knowledge of the entry of a judgment. *See In re Lynd Co.*, 195 S.W.3d at 685; *Jarrel1*, 580 S.W.3d at 468; *Schuble*, 943 S.W.2d at 126.

## IV.    Conclusion

Because relator's motion was insufficient to make a prima facie showing of lack of timely notice, the time tables for the trial court's plenary power were not extended so as to invoke the trial court's otherwise-expired jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party's counsel first received notice or acquired knowledge of the judgment. *See Jarrell*, 580 S.W.3d at 468. Accordingly, we hold the trial court did not abuse its discretion in failing to hold a hearing on relator's 306a motion because it lacked plenary power to do so.

Relator's petition for writ of mandamus is denied.


PER CURIAM

Panel consists of Justices Wise, Bourliot, and Spain.