

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00509-CV

**BEXAR APPRAISAL DISTRICT**,
Appellant

v.

**LUCIFER LIGHTING COMPANY**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-09696
Honorable Norma Gonzales, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: January 25, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant Bexar Appraisal District ("the District") appeals the trial court's order denying its plea to the jurisdiction. The District asserts the trial court erred because appellee Lucifer Lighting Company failed to exhaust its administrative remedies. Because the District's notice of appeal is untimely, we dismiss this appeal for lack of jurisdiction.

### BACKGROUND

In November 2020, Lucifer Lighting moved for a late correction of its appraisal rolls, specifically arguing the appraisal rolls improperly included personal property designated as "small

tools & dies" and "dies & tools" for the past five years. The Bexar Appraisal Review Board ("the Board") denied Lucifer Lighting's request, and Lucifer Lighting filed suit against the District and the Board, appealing the Board's denial order. The District filed a plea to the jurisdiction arguing Lucifer failed to exhaust its administrative remedies. The trial court held a hearing on the District's plea on September 15, 2021, and it denied the District's plea in an order signed on October 8, 2021.

The District filed a notice of interlocutory appeal and verified Rule 306a motion seeking to extend the post-judgment deadlines on November 15, 2021.[1] When the clerk's record was filed, it did not include an order granting the District's Rule 306a motion. As a result, the notice of appeal appeared untimely, and we ordered the District to show cause why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 26.1(b) (requiring in accelerated appeal, party must file notice of appeal within twenty days after order is signed). In response, the District filed a "Motion to Show Cause," which it subsequently amended, and we received a supplemental clerk's record showing the trial court denied the District's Rule 306a motion. We ultimately carried the District's "First Amended Motion to Show Cause" with the case.

## JURISDICTION

We begin by considering the District's "First Amended Motion to Show Cause," which we construe as a response to our show cause order, because it concerns our jurisdiction to review this case on appeal. In its first amended motion, the District argues it timely filed its notice of appeal, and the trial court abused its discretion by denying its verified Rule 306a motion to extend the post-judgment deadlines. According to the District, the affidavit attached to its Rule 306a motion

---

[1] The Board also filed a notice of interlocutory appeal challenging the trial court's order denying the District's plea to the jurisdiction, and this court dismissed the Board's appeal in our opinion dated March 30, 2022, styled *Bexar Appraisal Review Board v. Lucifer Lighting Company*, Cause No. 04-21-00556-CV.

established a prima facie case it did not acquire actual knowledge of the trial court's October 8, 2021 order until November 12, 2021, and therefore, it timely filed its notice of appeal on November 15, 2021.

In response, Lucifer Lighting argues the District's notice of appeal is untimely, and the trial court properly denied the District's Rule 306a motion to extend the post-judgment deadlines because the affidavit attached to the Rule 306a motion was inadequate. According to Lucifer Lighting, the affidavit did not establish when the District acquired actual knowledge of the trial court's signing of the October 8, 2021 order; at most, the affidavit only established when one of the five attorneys representing the District received a copy of the order.

"The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or timely filed motion for extension, we must dismiss the appeal." *Korczynski v. Cowboy Up Ranch Furniture, LLC*, 651 S.W.3d 602, 604 (Tex. App.—Waco 2022, no pet.) (citing TEX. R. APP. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.3d 615, 617 (Tex. 1997)). Generally, in an accelerated appeal, a notice of appeal must be filed within twenty days after the judgment or order being appealed is signed. TEX. R. APP. P. 26.1(b). However, when a party or his attorney has neither (1) received timely notice from the court clerk of the judgment or order being appealed nor (2) acquired actual knowledge of the signing of the judgment or order, then "the post-judgment procedural timetables run from the date that the party or his attorney either received the notice . . . or acquired actual knowledge of the signing of the judgment, whichever occurred first." *Korczynski*, 651 S.W.3d at 604 (citing TEX. R. APP. P. 4.2(a), TEX. R. CIV. P. 306a(4)).

To modify the post-judgment procedural timetables, Texas Rule of Civil Procedure 306a(5) requires the party adversely affected to "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired

actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a(5); *see In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (explaining Rule 306a(5) requires party alleging late notice of judgment to file sworn motion establishing date party first learned of judgment). "The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Lynd*, 195 S.W.3d at 685; *see Korczynski*, 651 S.W.3d at 605. "Compliance with Rule 306a is a jurisdictional prerequisite." *Korczynski*, 651 S.W.3d at 605 (citing *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam)).

Here, the trial court signed the order denying the District's plea to the jurisdiction on October 8, 2021, and the District filed its notice of appeal and Rule 306a motion on November 15, 2021. In its Rule 306a motion, the District alleged its counsel did not first acquire knowledge of the trial court's October 8, 2021 order until November 12, 2021 even though it had "periodically checked in with the [trial] court." The District's counsel further explained on October 13, 2021, it "filed a letter requesting a signed copy of the order," and the trial court clerk returned the filing, noting an order had not been "entered." The District also stated on October 15, 2021, its counsel corresponded with Lucifer Lighting's counsel to determine whether an order had been signed by the trial court, and Lucifer Lighting's counsel stated it had not received a copy.

To support its Rule 306a motion, the District attached an affidavit from one of its attorneys. The attorney attested he represented the District and had "periodically instructed [his] support staff to . . . inquire [with the court] whether a signed order had been entered" since the plea to the jurisdiction hearing. He further attested the first day he or anyone on his staff received a copy of the trial court's order was on November 12, 2021. The attorney affidavit included as exhibits

counsel's email correspondence to the trial court clerk and opposing counsel inquiring about the signed order.

However, there is nothing in the District's Rule 306a motion and affidavit negating the possibility its other attorneys acquired actual knowledge of the signing of the October 8, 2021 order within twenty days after it was signed. *See id.* at 606 (holding plaintiff failed to negate possibility other attorneys acquired actual knowledge of signing of order when Rule 306a motion failed to include affidavit from all four attorneys representing plaintiff); *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex. App.—San Antonio 1997, orig. proceeding) (holding affidavit from one member of plaintiff's legal team attesting did not know final judgment had been entered was insufficient to show plaintiff did not receive either written notice or acquire actual knowledge of entry of judgment). The record shows at the time the District filed its Rule 306a motion, it was represented by five attorneys from the same law firm, but only one attorney attested when he or anyone on his staff received a copy of the October 8, 2021 order. "Notice and actual knowledge must be negated by all such parties and counsel in order to establish a prima facie showing that notice was untimely." *Schuble*, 943 S.W.2d at 126.

Accordingly, because the District's Rule 306a motion and affidavit fail to establish a prima facie case indicating the District lacked timely notice of the October 8, 2021 order, the District was not entitled to the extension permitted by Rule 306a. *See Korczynski*, 651 S.W.3d at 606; *Schuble*, 943 S.W.2d at 126. Therefore, the District's notice of appeal, filed thirty-eight days after the signing of the trial court's order, is untimely, and we must dismiss the appeal for lack of jurisdiction.

Luz Elena D. Chapa, Justice