NO. 07-10-0370-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 6, 2010

_____

IN THE INTEREST OF J.D.O., JR., A CHILD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 74,608-D; HONORABLE DON R. EMERSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**ORDER**

The appellant is the father of J.D.O., Jr., and is a prison inmate appearing *pro se*. He seeks to appeal the trial court's order terminating his parental rights to J.D.O., Jr. and appointing appellee the Texas Department of Family and Protective Services the child's permanent managing conservator. By this order, we address our jurisdiction of the appeal. Finding we possess jurisdiction of the case as a restricted appeal, we will continue the existing abatement and remand the case to the trial court for proceedings consistent with this order.

Appellate Jurisdiction

The trial court signed the order of termination on July 30, 2010. The father filed a notice of appeal in the trial court on September 22. The notice states it was "forwarded"

to the district clerk on September 15. We abated the appeal to consider our jurisdiction. *In the Interest of J.D.O., Jr.,* No. 07-10-0370-CV, 2010 Tex. App. Lexis 8423 (Tex.App.--Amarillo Oct. 20, 2010, order) (per curiam); *see M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). At our direction, the parties have each filed a brief on the issue of appellate jurisdiction.

In a civil case, appeal is perfected by a timely-filed notice of appeal. Tex. R. App. P. 25.1(a). The procedures for an accelerated appeal under the Rules of Appellate Procedure apply to an appeal from a final order terminating the parent-child relationship. Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (Vernon 2008); *In re K.A.F.,* 160 S.W.3d 923, 924-25 (Tex. 2005). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. Tex. R. App. P. 26.1(b). Additional time to file a notice of appeal may be granted so long as the notice of appeal is filed within fifteen days after the deadline under Rule of Appellate Procedure 26.1. *See* Tex. R. App. P. 26.3 (authorizing discretionary extension of time); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension implied if notice of appeal filed in good faith within fifteen-day period of Rule 26.3).

Once the fifteen-day grace period passes, however, a party's attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal. *See Verburgt,* 959 S.W.2d at 617; *Castillo v. Texas Dep't of Family and Protective Services,* No. 03-09-0634-CV, 2010 Tex. App. Lexis 5621, at *1-*2 (Tex.App.--Austin January 29, 2010, pet. denied) (mem. op.) (in termination of parental rights case, court noted it had no authority to extend the deadline for filing a notice of appeal once the

fifteen-day period lapsed).  Rather, if a notice of appeal is not timely filed, the jurisdiction of the appellate court is invoked only to the extent the court may determine its lack of jurisdiction and dismiss the appeal.  *See Fry v. Goodpasture, Ltd.,* No. 07-05-0324-CV, 2005 Tex.App. Lexis 8779, at *2 (Tex.App.--Amarillo October 21, 2005, no pet.) (memo. op.) (citing *In re Simpson,* 932 S.W.2d 674, 679 (Tex.App.--Amarillo 1996, no writ)).

Here, the fifteen-day grace period of Rule 26.3 ended on September 3.  The father filed his notice of appeal no earlier than September 15.[1]  It was, therefore, untimely.

The father argues in his jurisdictional brief that he had no notice of the order of termination until September 7.  It is undisputed that the father was not present for the termination hearing and was not represented by counsel.  The order, in fact, recites that while properly noticed, the father "wholly made default."  Rule 4.2 of the Rules of Appellate Procedure and Rule of Civil Procedure 306a provide for additional time to file documents when a party does not receive or acquire notice of the signing of a judgment.  Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a.  Application of these rules, however, begins with the filing of a sworn motion with the trial court during the period of its plenary power over the judgment, measured from the date the movant establishes he or his counsel first learned of the judgment.  Tex. R. Civ. P. 306a(5); *In re Lynd Co.,* 195

---

[1] In his notice of appeal, the father states he forwarded a copy to the district clerk on September 15, 2010. The document bears the clerk's September 22 file stamp.  For this discussion we assume the father's notice of appeal was filed September 15, according to the "mailbox rule."  *See Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam); *Warner v. Glass*, 135 S.W.3d 681, 686 (Tex. 2004) (per curiam) (both finding pleadings filed when received for mailing by prison authorities); Tex. R. Civ. P. 5 ("mailbox rule").

S.W.3d 682, 685 (Tex. 2006) (orig. proceeding). Nothing before us shows such a motion was filed. Rules 4.2 and 306a do not aid our jurisdiction over the father's appeal.

We conclude the father's notice of appeal was not timely and did not invoke our appellate jurisdiction, unless we may treat his case as a restricted appeal. Our order abating the appeal directed the parties also to address whether we have jurisdiction over the appeal as a restricted appeal. *See* Tex. R. App. P. 26.1(c).

If a notice of appeal is filed within six months of the day the order or judgment appealed is signed, a restricted appeal is available provided the appellant: (1) filed a notice of appeal within six months of the trial court's order; (2) was a party to the underlying suit; (3) did not participate in the hearing; and (4) can demonstrate error apparent on the face of the record. *See* Tex. R. App. P. 26.1(c) and 30; *Gold v. Gold,* 145 S.W.3d 212, 213 (Tex. 2004). The face of the record consists of all papers on file in the appeal including the reporter's record. *Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (discussing former writ of error procedure).

In its jurisdictional brief, the Department cites two private termination cases that proceeded as restricted appeals.[2] The Department further states it found no authority prohibiting a Department termination case from proceeding as a restricted appeal. The Department also finds Family Code § 161.211 supports the availability of a restricted

---

[2] *In re J.A.M.R.,* 303 S.W.3d 422, 424 (Tex.App.--Dallas 2010, no pet.); *In re N.A.F.,* 282 S.W.3d 113, 115, 115 n.1 (Tex.App.--Waco 2009, no pet).

4

appeal in termination cases. *See* Tex. Fam. Code Ann. § 161.211(a) (Vernon 2008) (an order terminating the parental rights of a person who was personally served is not subject to collateral or direct attack after the sixth month after the date the order of termination was signed).

The Department notes that the father filed his notice of appeal within six months of the date the trial court signed its judgment; the father did not participate in the termination hearing; and the father did not timely file any post-judgment motions. The Department thus concludes the father's appeal may proceed as a restricted appeal provided we order him to amend his notice of appeal to comply with Rule of Appellate Procedure 25.1(d)(7). This rule specifies in a restricted appeal the notice of appeal shall state the appellant did not participate in the hearing that resulted in the judgment; state the appellant did not timely file a post-judgment motion or notice of appeal; and be verified by the appellant if the appellant is not represented by counsel. Tex. R. App. P. 25.1(d)(7).

After the Department filed its jurisdictional brief, the father filed in the trial court and this court an amended notice of appeal substantially complying with Rule of Appellate Procedure 25.1(d)(7), making moot the Department's suggestion we require him to do so.[3]

---

[3] Both the father's original and amended notices of appeal contain declarations substantially in the form prescribed by statute for inmates. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001, 132.002 (Vernon 2005 & Supp. 2010).

We agree with the Department's conclusion we have jurisdiction of the father's appeal as a restricted appeal. Tex. R. App. P. 30.

Family Code § 263.405

Although we will exercise jurisdiction over the father's appeal as a restricted appeal, it nonetheless must be conducted in compliance with the requirements of Family Code § 263.405. Tex. Fam. Code Ann. § 263.405 (Vernon 2008); *see In re B.G.*, 317 S.W.3d 250 (Tex. 2010) (addressing and applying § 263.405); *In re M.N.,* 262 S.W.3d 799 (Tex. 2008) (same).

In his original notice of appeal, which he verified, the father stated:

> The Appellant desires to appeal the Order of the 320th Judicial Court Judge because the Trial Court was and is aware that it has always been the desire of the Appellant to maintain the parent / child relation with the subject of the suit at bar [J.D.O., Jr.]
>
> The Appellant had maintained continuous communication with the CASA representative regarding the child of this suit for up-date information as well as expression of that very desire.
>
> The Trial Court was also put on notice of this fact by the Appellant allowing the Trial Court to understand that the Appellant was willing to do whatever was necessary (treatment programs, parenting classes, anger management classes, etc.) to have Appellant's son returned to him.
>
> The Trial Court was also put on notice concerning the time the Appellant was to be released from incarceration. The Appellant had made it abundantly clear that January 2011 (upon release) that Appellant would come to the Protective Services to claim his son.

By motion filed in this court, the father requested appointment of appellate counsel "because [he] is unable to afford counsel on his own to represent him in this matter due to his financial status." An attached certificate recites the motion was placed in the prison mail system on October 3, 2010. A copy of the motion is attached to this

6

order as Exhibit A. We have no indication the father filed an affidavit of indigency in the trial court. *See* Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008).

If a parent requests appointment of an attorney in order to appeal a suit terminating the parent's parental rights, the trial court must determine the issue of indigency. Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008). If the trial court finds the person indigent, the court must appoint counsel to represent the person on appeal. Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008); *In re K.M.,* 98 S.W.3d 774, 776 (Tex.App.--Fort Worth 2003, no pet.). An indigent parent whose appeal the trial court finds is not frivolous[4] is entitled to a free record on appeal. Tex. Fam. Code Ann. § 263.405(d), (e) (Vernon 2008).

To expedite the appeal in these peculiar circumstances, we maintain the abatement of the case until further order, and remand the cause to the trial court. Within twenty days of the date of this order, the father shall file with the clerk of the trial court an affidavit of indigence complying with Rule of Appellate Procedure 20.1.[5] Tex.

---

[4] In determining whether an appeal is frivolous, the trial court may consider whether the appellant presents a substantial question for appellate review. Tex. Civ. Prac. & Rem. Code Ann. § 13.005(b) (Vernon 2008); *see In re O.W.J. and S.C.*, 2010 Tex. App. Lexis 7976 (Tex.App.--Amarillo Sept. 29, 2010, no pet. h.).

[5] The affidavit of indigence must identify the party filing it, state the amount of costs, if any, the party can pay, and contain complete information about the party's financial condition. Tex. R. App. P. 20.1(b). Specifically, the affidavit must include:

> (1) the nature and amount of the party's current employment income, government-entitlement income, and other income; (2) the income of the party's spouse and whether that income is available to the party; (3) real and personal property the party owns; (4) cash the party holds and amounts on deposit that the party may withdraw; (5) the party's other

R. App. P. 20.1.  At the time of filing, the father shall serve the Department with a copy of the affidavit.[6]

On remand, the trial court shall schedule and conduct an evidentiary hearing to determine whether under Family Code § 263.405 the father is entitled to appointed appellate counsel and a free record on appeal.

In his motion requesting appointment of counsel, the father also requested a bench warrant returning him "to this hearing so that [he] can give his testimony in person on his behalf and defend his position in this matter."  Along with the motion requesting counsel, we refer the father's request for a bench warrant to the trial court.[7]

After its hearing, the trial court shall make findings of fact and conclusions of law regarding all matters heard.  If appellate counsel is appointed for the father, the order of

---

assets; (6) the number and relationship to the party of any dependents; (7) the nature and amount of the party's debts; (8) the nature and amount of the party's monthly expenses; (9) the party's ability to obtain a loan for court costs; (10) whether an attorney is providing free legal services to the party without a contingent fee; and (11) whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)-(11).

[6] Additionally, we remind the father of his obligation to serve the Department with a copy of all documents submitted for filing with the trial court and this court.  Tex. R. Civ. P. 21; Tex. R. App. P. 9.5.  The document submitted for filing must contain proof of service.  Tex. R. Civ. P. 21a; Tex. R. App. P. 9.5(d).

[7] An inmate has no absolute right to appear in person for the trial of a civil case, *Armstrong v. Randle,* 881 S.W.2d 53, 56-57 (Tex.App.--Texarkana 1994, writ denied), but he may not be denied reasonable access to the courts.  In bench warrant cases, if a court determines a *pro se* inmate in a civil suit may not appear personally, it may, however, allow the inmate to appear by telephone, affidavit, or deposition.  *In re D.D.J.,* 136 S.W.3d 305, 314 (Tex.App.--Fort Worth 2004, no pet.).

appointment shall include the attorney's name, state bar identification number, address, telephone number, and fax number.

The hearing shall be transcribed and, along with any documentary evidence admitted, be included in a supplemental reporter's record. The trial court's findings of fact and conclusions of law, the father's affidavit of indigence and any other documents filed in regard to this order, as well as any orders of the trial court made in compliance with this order, shall be included in a supplemental clerk's record. The supplemental clerk's record and supplemental reporter's record shall be filed with the clerk of this court on or before the tenth day following the hearing conducted by the trial court in compliance with this order.[8]

It is so ordered.

Per Curiam

---

[8] An order denying a claim of indigence or finding an appeal frivolous is appealable according to the procedure of Family Code § 263.405(g). Tex. Fam. Code Ann. § 263.405(g) (Vernon 2008).

OCTOBER 3, 2010


COURT OF APPEALS


IN THE INTEREST OF                    IN THE SEVENTH DISTRICT COURT OF
JA'MARIO DERON OLIVER, SR.            POTTER COUNTY, TEXAS
A CHILD                              320TH JUDICIAL DISTRICT


RE: CASE NUMBER: 07-10-00370-CV; TRIAL COURT CASE NUMBER: 74,608-D
STYLE: IN THE INTEREST OF J.D.O., JR, A CHILD


REQUEST FOR EXTENTION OF TIME TO PAY FILING, APPOINTMENT OF COUNSEL,
AND BENCH WARRANT


TO HONORABLE JUDGE OF SAID COURT:

COMES NOW, JA'MARIO OLIVER SR, THE DEFENDANT IN THE ABOVE STYLE AND
NUMBERED CAUSE, FILES THIS MOTION FOR A EXTENTION OF TIME TO PAY THE
FILING FEE IN THE AMOUNT OF $175.00, A APPOINTMENT OF COUNSEL AND BENCH
WARRANT. THE DEFENDANT WILL SHOW THE HONORABLE COURT THE FOLLOWING:


I.

THE DEFENDANT CONTENDS THAT HE NEEDS ADDITIONAL TIME OF AT LEAST
ANOTHER THIRTY (30) DAYS TO PAY THE FILING FEE OF $175.00, BECAUSE THE
ALLOWED TIME THE COURT HAS GIVEN THE DEFENDANT TO PAY IS NOT ENOUGH AND
WAS GIVEN ON SHORT NOTICE. DEFENDANT CONTENDS THAT BY ASKING FOR AN
EXTENTION OF TIME IS NOT IN ANY WAY TRYING TO DELAY THE COURT PROCEEDINGS.


II.

DEFENDANT ASSERTS AND RESPECTFULLY ASK YOUR HONORABLE COURT TO APPOINT
COUNSEL TO ASSIST HIM IN THIS PROCEEDING AND MATTER, BECAUSE DEFENDANT

-1-

10

is unable to afford counsel or his own to represent him in this matter due to his financial status.

## III.

Defendant contends and respectfully ask and request your honorable court bench warrant him back to this hearing so that the defendant can give his testimony in person on his behalf and defend his position in this matter.

Wherefore premises considered, the appellant hopes and prays that your honorable court grant this motion requesting time to pay filing fee, appointment of counsel, and bench warrant.

Respectfully submitted

[signature]

## Certificate of Service

This is to certify that a true and correct copy of defendant's motion requesting extension of time, appointment of counsel and bench warrant has been sent to the seventh district court clerk of Potter County at 500 S. Fillmore, Amarillo, Texas 79101 by placing it in the Sander's Estes prison mailing system on October 3, 2010.

Respectfully submitted

[signature]

cc: Law Clerk

-2-

## DECLARATION

I JA'MARIO OLIVER SR, DECLARE UNDER PENALTY OF PERJURY AND BY THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

EXECUTED ON THE 3rd DAY OF OCTOBER 2010.

RESPECTFULLY SUBMITTED

<br>

-3-