NO. 07-10-0370-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
DECEMBER 6, 2010
--------------------------------------------------------------------------------

 
 IN THE INTEREST OF J.D.O., JR., A CHILD
--------------------------------------------------------------------------------

 
 FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 74,608-D; HONORABLE DON R. EMERSON, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 ORDER
 
The appellant is the father of J.D.O., Jr., and is a prison inmate appearing pro se. He seeks to appeal the trial court's order terminating his parental rights to J.D.O., Jr. and appointing appellee the Texas Department of Family and Protective Services the child's permanent managing conservator. By this order, we address our jurisdiction of the appeal. Finding we possess jurisdiction of the case as a restricted appeal, we will continue the existing abatement and remand the case to the trial court for proceedings consistent with this order.
Appellate Jurisdiction
The trial court signed the order of termination on July 30, 2010. The father filed a notice of appeal in the trial court on September 22. The notice states it was "forwarded" to the district clerk on September 15. We abated the appeal to consider our jurisdiction. In the Interest of J.D.O., Jr., No. 07-10-0370-CV, 2010 Tex. App. Lexis 8423 (Tex.App.--Amarillo Oct. 20, 2010, order) (per curiam); see M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). At our direction, the parties have each filed a brief on the issue of appellate jurisdiction.
In a civil case, appeal is perfected by a timely-filed notice of appeal. Tex. R. App. P. 25.1(a). The procedures for an accelerated appeal under the Rules of Appellate Procedure apply to an appeal from a final order terminating the parent-child relationship. Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a) (Vernon 2008); In re K.A.F., 160 S.W.3d 923, 924-25 (Tex. 2005). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. Tex. R. App. P. 26.1(b). Additional time to file a notice of appeal may be granted so long as the notice of appeal is filed within fifteen days after the deadline under Rule of Appellate Procedure 26.1. See Tex. R. App. P. 26.3 (authorizing discretionary extension of time); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension implied if notice of appeal filed in good faith within fifteen-day period of Rule 26.3). 
Once the fifteen-day grace period passes, however, a party's attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal. See Verburgt, 959 S.W.2d at 617; Castillo v. Texas Dep't of Family and Protective Services, No. 03-09-0634-CV, 2010 Tex. App. Lexis 5621, at *1-*2 (Tex.App.--Austin January 29, 2010, pet. denied) (mem. op.) (in termination of parental rights case, court noted it had no authority to extend the deadline for filing a notice of appeal once the fifteen-day period lapsed). Rather, if a notice of appeal is not timely filed, the jurisdiction of the appellate court is invoked only to the extent the court may determine its lack of jurisdiction and dismiss the appeal. See Fry v. Goodpasture, Ltd., No. 07-05-0324-CV, 2005 Tex.App. Lexis 8779, at *2 (Tex.App.--Amarillo October 21, 2005, no pet.) (memo. op.) (citing In re Simpson, 932 S.W.2d 674, 679 (Tex.App.--Amarillo 1996, no writ)). 
Here, the fifteen-day grace period of Rule 26.3 ended on September 3. The father filed his notice of appeal no earlier than September 15. It was, therefore, untimely. 
The father argues in his jurisdictional brief that he had no notice of the order of termination until September 7. It is undisputed that the father was not present for the termination hearing and was not represented by counsel. The order, in fact, recites that while properly noticed, the father "wholly made default." Rule 4.2 of the Rules of Appellate Procedure and Rule of Civil Procedure 306a provide for additional time to file documents when a party does not receive or acquire notice of the signing of a judgment. Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a. Application of these rules, however, begins with the filing of a sworn motion with the trial court during the period of its plenary power over the judgment, measured from the date the movant establishes he or his counsel first learned of the judgment. Tex. R. Civ. P. 306a(5); In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding). Nothing before us shows such a motion was filed. Rules 4.2 and 306a do not aid our jurisdiction over the father's appeal.
We conclude the father's notice of appeal was not timely and did not invoke our appellate jurisdiction, unless we may treat his case as a restricted appeal. Our order abating the appeal directed the parties also to address whether we have jurisdiction over the appeal as a restricted appeal. See Tex. R. App. P. 26.1(c).
If a notice of appeal is filed within six months of the day the order or judgment appealed is signed, a restricted appeal is available provided the appellant: (1) filed a notice of appeal within six months of the trial court's order; (2) was a party to the underlying suit; (3) did not participate in the hearing; and (4) can demonstrate error apparent on the face of the record. See Tex. R. App. P. 26.1(c) and 30; Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004). The face of the record consists of all papers on file in the appeal including the reporter's record. Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (discussing former writ of error procedure).
In its jurisdictional brief, the Department cites two private termination cases that proceeded as restricted appeals. The Department further states it found no authority prohibiting a Department termination case from proceeding as a restricted appeal. The Department also finds Family Code § 161.211 supports the availability of a restricted appeal in termination cases. See Tex. Fam. Code Ann. § 161.211(a) (Vernon 2008) (an order terminating the parental rights of a person who was personally served is not subject to collateral or direct attack after the sixth month after the date the order of termination was signed).
The Department notes that the father filed his notice of appeal within six months of the date the trial court signed its judgment; the father did not participate in the termination hearing; and the father did not timely file any post-judgment motions. The Department thus concludes the father's appeal may proceed as a restricted appeal provided we order him to amend his notice of appeal to comply with Rule of Appellate Procedure 25.1(d)(7). This rule specifies in a restricted appeal the notice of appeal shall state the appellant did not participate in the hearing that resulted in the judgment; state the appellant did not timely file a post-judgment motion or notice of appeal; and be verified by the appellant if the appellant is not represented by counsel. Tex. R. App. P. 25.1(d)(7). 
After the Department filed its jurisdictional brief, the father filed in the trial court and this court an amended notice of appeal substantially complying with Rule of Appellate Procedure 25.1(d)(7), making moot the Department's suggestion we require him to do so.
We agree with the Department's conclusion we have jurisdiction of the father's appeal as a restricted appeal. Tex. R. App. P. 30.
Family Code § 263.405
 Although we will exercise jurisdiction over the father's appeal as a restricted appeal, it nonetheless must be conducted in compliance with the requirements of Family Code § 263.405. Tex. Fam. Code Ann. § 263.405 (Vernon 2008); see In re B.G., 317 S.W.3d 250 (Tex. 2010) (addressing and applying § 263.405); In re M.N., 262 S.W.3d 799 (Tex. 2008) (same).
In his original notice of appeal, which he verified, the father stated:
The Appellant desires to appeal the Order of the 320th Judicial Court Judge because the Trial Court was and is aware that it has always been the desire of the Appellant to maintain the parent / child relation with the subject of the suit at bar [J.D.O., Jr.]
The Appellant had maintained continuous communication with the CASA representative regarding the child of this suit for up-date information as well as expression of that very desire.
The Trial Court was also put on notice of this fact by the Appellant allowing the Trial Court to understand that the Appellant was willing to do whatever was necessary (treatment programs, parenting classes, anger management classes, etc.) to have Appellant's son returned to him.
The Trial Court was also put on notice concerning the time the Appellant was to be released from incarceration. The Appellant had made it abundantly clear that January 2011 (upon release) that Appellant would come to the Protective Services to claim his son.
By motion filed in this court, the father requested appointment of appellate counsel "because [he] is unable to afford counsel on his own to represent him in this matter due to his financial status." An attached certificate recites the motion was placed in the prison mail system on October 3, 2010. A copy of the motion is attached to this order as Exhibit A. We have no indication the father filed an affidavit of indigency in the trial court. See Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008).
If a parent requests appointment of an attorney in order to appeal a suit terminating the parent's parental rights, the trial court must determine the issue of indigency. Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008). If the trial court finds the person indigent, the court must appoint counsel to represent the person on appeal. Tex. Fam. Code Ann. § 263.405(e) (Vernon 2008); In re K.M., 98 S.W.3d 774, 776 (Tex.App.--Fort Worth 2003, no pet.). An indigent parent whose appeal the trial court finds is not frivolous is entitled to a free record on appeal. Tex. Fam. Code Ann. § 263.405(d), (e) (Vernon 2008). 
To expedite the appeal in these peculiar circumstances, we maintain the abatement of the case until further order, and remand the cause to the trial court. Within twenty days of the date of this order, the father shall file with the clerk of the trial court an affidavit of indigence complying with Rule of Appellate Procedure 20.1. Tex. R. App. P. 20.1. At the time of filing, the father shall serve the Department with a copy of the affidavit. 
On remand, the trial court shall schedule and conduct an evidentiary hearing to determine whether under Family Code § 263.405 the father is entitled to appointed appellate counsel and a free record on appeal. 
In his motion requesting appointment of counsel, the father also requested a bench warrant returning him "to this hearing so that [he] can give his testimony in person on his behalf and defend his position in this matter." Along with the motion requesting counsel, we refer the father's request for a bench warrant to the trial court. 
After its hearing, the trial court shall make findings of fact and conclusions of law regarding all matters heard. If appellate counsel is appointed for the father, the order of appointment shall include the attorney's name, state bar identification number, address, telephone number, and fax number. 
The hearing shall be transcribed and, along with any documentary evidence admitted, be included in a supplemental reporter's record. The trial court's findings of fact and conclusions of law, the father's affidavit of indigence and any other documents filed in regard to this order, as well as any orders of the trial court made in compliance with this order, shall be included in a supplemental clerk's record. The supplemental clerk's record and supplemental reporter's record shall be filed with the clerk of this court on or before the tenth day following the hearing conducted by the trial court in compliance with this order. 
It is so ordered.
Per Curiam